STATE OF NORTH CAROLINA v. CARTER FAGG COLLINS

No. 782SC365

(Filed 7 November 1978)

Searches and Seizures § 9— passenger in vehicle driven by drunk driver—warrantless search for weapon—marijuana discovered—suppression improper

The trial court erred in suppressing evidence seized from defendant's person on the grounds that it was obtained by means of an illegal search and seizure where the evidence tended to show that defendant was a passenger in a car being operated by a drunken driver; defendant also appeared to be intoxicated and had fortified wine and vodka in bottles between his feet; officers were justified in asking defendant to step out of the vehicle to complete their investigation; an officer then saw what appeared to be a knife bulging from defendant's pocket; and when the officer attempted to remove what he thought was a weapon, marijuana fell out of defendant's pocket.

APPEAL by the State from *Cowper, Judge*. Order entered 22 March 1978 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 25 August 1978.

Defendant was arrested on 20 August 1977 in Washington, N.C., and charged with the possession of less than one ounce of marijuana. Before the time for his trial, defendant moved to suppress the evidence on the grounds that it was obtained by means of an illegal search and seizure.

When the motion came on for hearing, defendant agreed that the assistant district attorney could state the facts to the court. The facts thus stated are as follows:

"On August 20, 1977, at approximately 3:45 a.m., Mr. Billy Nichols of the State ABC Board, Alcohol Law Enforcement Division, and Mr. Rick Batts, Juvenile Officer employed by the Beaufort County Sheriff Department, observed that the automobile in front of them was being operated on a public street in a weaving motion. Officer Nichols turned on his blue light and stopped this automobile. The driver of the

vehicle was approached, arrested, and subsequently con-
victed of Driving Under the Influence of Intoxicants in the
Beaufort County District Court. Officer Nichols approached
the passenger side of the vehicle and, upon looking through
the window, observed that the defendant Carter Fagg Collins
was seated next to the door in the passenger area and be-
tween his feet in the floor of the vehicle was a one-half-gallon
jug of fortified wine and a pint bottle of vodka. Although the
defendant had the odor of an intoxicant on his breath and ap-
peared to be in an intoxicated state, Officer Nichols was
unable to form an opinion as to whether its cause was liquor
or some other substance.                                '

Officer Nichols requested that the defendant step out of
the car, the purpose being to investigate the presence of the
half-gallon of wine and pint of liquor. Defendant alighted,
whereupon Officer Nichols observed a bulge in the defend-
ant's pants pocket, which at the time appeared to be a knife.
Fearing that the bulge might be a weapon, the officer told
the defendant to place his hands on the top of the car and
that [sic] time commenced to frisk the defendant. Officer
Nichols reached into the defendant's pocket and began to
remove what he thought to be a knife; however, intertwined
in that object and simultaneously removed with it was a
plastic bag which contained a substance later determined to
be marijuana. The defendant was then arrested for Posses-
sion of Marijuana. The object Mr. Nichols first believed to be
a knife was upon removal found to be a key chain."

After hearing this statement, the court concluded that the
search was not permissive or incident to a legal arrest. He ruled
that the evidence was illegally obtained and should be sup-
pressed. The State, under the authority of G.S. 15A-1445, appeal-
ed.

*Attorney General Edmisten, by Associate Attorney J. Chris
Prather, for the State.*

*Wilkinson & Vosburgh, by James R. Vosburgh, for defendant
appellee.*

VAUGHN, Judge.

The statement of facts by the assistant district attorney must be treated as a stipulation of facts. There is no evidence to weigh or credibility to consider. The only question before us, therefore, is the admissibility of the evidence on that statement of facts, even though all of those facts are not set out in the judge's order.

Evidence must be suppressed if its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina.

When all of the stipulated facts are considered and, as they must be, taken as true, nothing appears that requires suppression of the evidence in this case. There was clearly no impropriety in stopping the subject vehicle which was being operated by a drunken driver. Defendant, a passenger in the front seat of the vehicle, also appeared to be intoxicated and had, between his feet, a one-half gallon jug of fortified wine and a pint bottle of vodka. The officers were justified in asking defendant to step out of the vehicle to complete their investigation. The officer then saw what appeared to be a knife bulging from defendant's pocket. When he attempted to remove what he thought was a weapon, the marijuana was discovered. None of defendant's constitutional rights were thereby transgressed.

In *Pennsylvania v. Mimms*, 434 U.S. 106, 54 L.Ed. 2d 331, 98 S.Ct. 330 (1977), Mimms was stopped for a routine traffic violation. The officer asked him to step out of the car and produce his registration card and driver's license. When he did so, the officer observed a bulge under his sport jacket. Fearing the bulge might be a weapon, the officer frisked Mimms and discovered a loaded revolver. He arrested him for carrying a concealed weapon. Another revolver was found on the person of the other occupant of the car. The Supreme Court held that where there is no question about the propriety of the initial restrictions upon the person's movement, the additional intrusion resulting from asking the occupants of a car to step out are well justified as a precautionary measure for the protection of the officer. When there are reasonable grounds to order an occupant out of the car, then he may be subjected to a limited search for weapons when the facts available to the officer justify the belief that such an action is ap-

propriate. *See also Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868 (1968); *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973); *State v. Bridges*, 35 N.C. App. 81, 239 S.E. 2d 856 (1978).

We hold that the court erred in ordering the suppression of the State's evidence in this case. The order is, therefore, reversed.

Reversed.

Judges MARTIN (Robert M.) and MITCHELL concur.