STATE OF NORTH CAROLINA v. BOYD WILLIAM ADKERSON, JR. AND
EARL RAY EANES

No. 8717SC860

(Filed 31 May 1988)

**1. Searches and Seizures § 12— reasonable suspicion that driver was impaired—investigatory stop**

   An officer's stop of defendant's vehicle did not violate his Fourth Amendment rights where the officer first noticed that the headlights of defendant's car were darting back and forth as he approached it; the officer turned around and followed the car for about a quarter of a mile and within that distance the car weaved back and forth in its lane five or six times and ran off the side of the road once; and these observations were enough to create a reasonable suspicion that the vehicle was being driven by someone impaired.

**2. Arrest and Bail § 3.8— warrantless arrest for drunk driving—existence of probable cause**

   Probable cause existed to justify an officer's warrantless arrest of defendant where the officer noticed defendant weaving back and forth and once running off the highway; after the officer made the stop, he noticed that defendant's eyes were extremely red and glassy and that he appeared to be in a daze; the officer detected "a moderate odor of alcohol about his breath"; and the officer thus had a good faith belief that defendant was guilty of driving while impaired.

**3. Searches and Seizures § 9— warrantless arrest for impaired driving—warrantless search of car proper**

   A bag of marijuana cigarettes found without a warrant in defendant's car was lawfully seized where the search of the car was incident to a lawful arrest.

**4. Criminal Law § 64— officer's opinion that defendant was high and on drugs—evidence admissible**

   The trial court did not err in allowing an officer to testify as to his opinion that defendant appeared to be high and that he had consumed an impairing substance, since the officer based his opinion on the manner in which defendant drove his car, the fact that defendant's eyes were red and glassy, the way defendant moved, and the fact that he appeared nervous and not normal, and the officer's opinion was helpful to the jury. N.C.G.S. § 8C-1, Rule 701.

**5. Searches and Seizures § 12— arrest for impaired driving—pat-down search of passenger proper**

   Circumstances in this case warranted an officer's decision to make a pat-down search for weapons of one defendant who was a passenger in a vehicle whose driver was stopped for driving while impaired where the officer observed a paper bag and jacket under defendant passenger's feet; in order to search them the officer asked defendant to exit the vehicle; and once defendant was outside the vehicle the officer was justified in making a protective

search for weapons given the late hour, the rural surroundings, and the officer's vulnerable position if he leaned over toward the floor of the car with someone standing behind him.

APPEAL by defendants from *Morgan, Judge.* Judgments entered 28 May 1987 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 2 February 1988.

*Attorney General Lacy H. Thornburg by Associate Attorney General David M. Parker for the State.*

*A. Wayne Harrison for defendant appellants.*

COZORT, Judge.

Defendants Adkerson and Eanes were charged in indictments proper in form with possession of a controlled substance. Both filed motions to suppress certain evidence; the motions were denied after a hearing. Subsequently, under a plea arrangement with the State, each defendant pled guilty to misdemeanor possession of a controlled substance. From the judgments sentencing each defendant to a minimum and maximum two-year suspended term, each defendant appeals. We affirm.

At the Suppression Hearing on this matter, the State's evidence showed that on 11 October 1986, at approximately 2:00 a.m., State Trooper Ron Robles was traveling west on Highway 158 in Rockingham County when he met a 1976 Buick traveling east. As he approached the vehicle, he noticed that its headlights were darting back and forth as if it were weaving. Trooper Robles testified that he turned around to monitor the car's progress and noticed that within a quarter of a mile it weaved back and forth in its lane five or six times and ran off the right side of the road once. As a result of these observations, Trooper Robles stopped the vehicle.

In the car were the driver, defendant Boyd William Adkerson, Adkerson's son, defendant Earl Ray Eanes, and Eanes' wife. Trooper Robles testified that Adkerson was "in a daze," that his "eyes were extremely red," and that he had "a moderate odor of alcohol about his breath." After Adkerson got out of the car, Trooper Robles stated that he "just stared around and moved sort of slowly," and in his opinion, Adkerson "was not normal." As a result of Adkerson's driving and behavior and because in

Trooper Robles' opinion defendant "had consumed some type of impairing substance to the extent that it had appreciably impaired both his mental and physical faculties," Trooper Robles arrested Adkerson for driving while impaired.

After arresting Adkerson, Robles escorted him to his patrol car and conducted a pat-down search incident to arrest. In the process, Robles removed a three-inch plastic straw from Adkerson's pocket. Inside the straw was a white powdery substance which Robles concluded to be, and which was later verified as being, cocaine.

After placing Adkerson in the patrol car, Robles returned to Adkerson's car where he saw, in plain view, a small cloth bag on the driver's seat. He opened the bag and inside found nine marijuana cigarettes. In completing his search of the vehicle, Trooper Robles noticed that Eanes, who was seated directly behind the driver's seat, had his feet placed on a jacket and a brown paper bag on the floor of the car. Trooper Robles asked Eanes to get out of the car so that he could inspect the jacket and bag. Trooper Robles testified that he felt he would place himself in a vulnerable position if he leaned over into the car with Eanes standing behind him. He decided to conduct a pat-down search of Eanes for weapons before searching the back seat of the car. When he asked Eanes to place his hands on top of the car so that he could frisk him, Eanes reached part way up and then turned around and struck Trooper Robles with the back side of his arm. Eanes then "lunged his hand into his right front pocket." Trooper Robles grabbed his arm, handcuffed him, and placed him under arrest. Trooper Robles proceeded to conduct a search incident to that arrest and discovered in Eanes' right front pocket a knife and a small plastic container. Inside the container, Trooper Robles found a white powdery substance which was later verified as being cocaine.

Ira Tillery, an officer with the Madison Police Department who was riding with Trooper Robles at the time of the stop, testified in corroboration of Trooper Robles' testimony.

Defendants' sole witness was Pamela Eanes, wife of defendant Eanes. She testified that there was nothing wrong with the way Adkerson drove that night and that his car did not go off the road.

On 30 April 1987, the trial judge entered an order denying defendants' Motions to Suppress. On 28 May 1987, under plea arrangements with the State, defendant Adkerson pled guilty to misdemeanor possession of marijuana, misdemeanor possession of cocaine, and misdemeanor possession of drug paraphernalia; and defendant Eanes pled guilty to misdemeanor possession of cocaine. Both defendants were sentenced to a minimum and maximum two-year term, which sentences were suspended. From the denial of their motions to suppress and the entry of judgments against them, defendants appeal pursuant to N.C. Gen. Stat. § 15A-979.

[1] Defendant Adkerson first argues that the initial stop of his vehicle was in violation of the Fourth Amendment to the United States Constitution. We disagree.

"The Fourth Amendment applies to seizures of the person including brief investigatory stops such as the stop of the vehicle here." *United States v. Cortez*, 449 U.S. 411, 417, 66 L.Ed. 2d 621, 628, 101 S.Ct. 690, 694-95 (1981). "An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *Id.* at 417, 66 L.Ed. 2d at 628, 101 S.Ct. at 695. This objective manifestation must be based on the totality of the circumstances—the whole picture must be taken into account. *Id.* at 417, 66 L.Ed. 2d at 629, 101 S.Ct. at 695.

In the case at bar, the totality of the circumstances justified Trooper Robles' decision to make an investigatory stop of defendant's vehicle. Trooper Robles first noticed that the headlights of defendant Adkerson's car were darting back and forth as he approached it. He turned around and followed the car for about a quarter of a mile and within that distance the car weaved back and forth in its lane five or six times and ran off the side of the road once. These observations were enough to create a reasonable suspicion that the vehicle was being driven by someone impaired. Therefore, we hold that the stop of Adkerson's vehicle did not violate his Fourth Amendment rights.

Defendant Adkerson next argues that his arrest and the search of him and his car also violated his Fourth Amendment rights. We disagree.

"To be lawful, a warrantless arrest must be supported by probable cause." *State v. Zuniga*, 312 N.C. 251, 259, 322 S.E. 2d 140, 145 (1984). " 'Probable cause for an arrest has been defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. . . .' " *Id.* This requires less than " 'evidence which would justify . . .' conviction." *Id.* at 261, 322 S.E. 2d at 146. In determining if probable cause exists, one must examine the particular facts and circumstances of each case. *Id.*

[2]　In this case, we hold there was sufficient evidence to support Trooper Robles' belief in good faith, that defendant was guilty of driving while impaired. Before making the stop of the vehicle he noticed Adkerson weaving back and forth and once running off the highway. After he made the stop, he noticed that Adkerson's eyes were extremely red and glassy and that he appeared to be in a daze. He stated that Adkerson "moved sort of slowly" and that "he appeared to be nervous and in [his] opinion he was not normal." Finally, Trooper Robles testified that he detected "a moderate odor of alcohol about his breath." As a result of Adkerson's driving, appearance and behavior, Trooper Robles placed him under arrest for driving while impaired. We hold that probable cause existed to justify this action.

[3]　Once Trooper Robles made his arrest he was authorized to make a warrantless search of Adkerson incident to that arrest. *See State v. Wooten*, 34 N.C. App. 85, 237 S.E. 2d 301 (1977). The search of Adkerson's car was also lawful, because "when a police officer has effected a lawful custodial arrest of an occupant of a vehicle, the officer may, as a contemporaneous incident of that arrest, conduct a search of the passenger compartment of the vehicle extending to the contents of containers found within the passenger compartment." *State v. Cooper*, 304 N.C. 701, 703-04, 286 S.E. 2d 102, 103-04 (1982), *construing New York v. Belton*, 453 U.S. 454, 69 L.Ed. 2d 768, 101 S.Ct. 2860 (1981). Therefore, the bag of marijuana cigarettes found in Adkerson's car was lawfully seized.

[4]　Defendant Adkerson argues that the trial court erred in allowing Trooper Robles to testify as to his opinion that Adkerson appeared to be high and that he had consumed an impairing substance. Adkerson contends that this evidence was not rational-

ly based on Trooper Robles' perception and that without it there is no evidence of probable cause to arrest and search him. We find no error.

Rule 701 of the N.C. Rules of Evidence provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

"[A] lay witness who has personally observed a person may give his opinion as to whether that person was under the influence of intoxicants." *State v. Lindley*, 286 N.C. 255, 258, 210 S.E. 2d 207, 209 (1974).

In the case below, Trooper Robles based his opinion upon the manner in which Adkerson drove his car, the fact that Adkerson's eyes were red and glassy, the way Adkerson moved, and the fact that he appeared nervous and not normal. Trooper Robles' opinion was based on his personal observation and was helpful to the jury as to Adkerson's condition. Therefore, we hold that the trial court correctly allowed him to offer his opinion on this matter.

[5] Defendant Eanes argues that the search of him by Officer Robles violated his Fourth Amendment rights. We disagree.

When an officer makes a lawful arrest of an occupant of an automobile and conducts a contemporaneous search of the automobile incident to that arrest, he may ask passengers to step out of the vehicle so he may complete his investigation. *State v. Collins*, 38 N.C. App. 617, 248 S.E. 2d 405 (1978). "When there are reasonable grounds to order an occupant out of the car, then he may be subjected to a limited search for weapons when the facts available to the officer justify the belief that such an action is appropriate." *Id.* at 619-20, 248 S.E. 2d at 407. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry v. Ohio*, 392 U.S. 1, 27, 20 L.Ed. 2d 889, 909, 88 S.Ct. 1868, 1883 (1968).

The circumstances in this case warranted Trooper Robles' decision to make a pat-down search for weapons of Eanes. In order to properly search the paper bag and jacket under Eanes' feet, Trooper Robles asked him to exit the vehicle. Once Eanes was outside the vehicle Trooper Robles was justified in making a protective search for weapons. This search was justified given the late hour, the rural surroundings, and Trooper Robles' vulnerable position if he leaned over towards the floor of the car with someone standing behind him. Given these circumstances, we hold that Eanes' Fourth Amendment rights were not violated by this search.

Finally, both Adkerson and Eanes argue that the trial court's findings of fact are not supported by the evidence and therefore do not support the conclusions of law. We disagree.

Our review of the record reveals only one discrepancy between the transcript and the findings of fact. Finding of Fact No. 11 states that "Rural Paved Road 1001 . . . at this time of the early morning, carries little traffic," while there was no evidence offered as to the traffic on this road. We do not feel that this minor discrepancy constitutes reversible error and find that the remaining findings of fact are supported by evidence in the record. Therefore, we find no merit in this argument.

Accordingly, we affirm the judgments of the trial court.

Affirmed.

Judges ARNOLD and PHILLIPS concur.