STATE OF NORTH CAROLINA v. JERMAINE McARN

No. COA02-918

(Filed 15 July 2003)

**Search and Seizure— investigatory stop of vehicle—anonymous tip—motion to suppress cocaine**

The trial court erred in a possession of cocaine case by denying defendant's motion to suppress cocaine discovered following a stop of his vehicle based on an anonymous tip received by police that the vehicle was involved in illegal drug sales, because: (1) although the anonymous tipster's providing of the location and description of the vehicle may have offered some limited indicia of reliability in that it assisted the police in identifying the vehicle the tipster referenced, the tipster never identified or in any way described an individual; and (2) the officer stopped defendant based solely on the anonymous tip, and the tip upon which the officer relied did not possess the indicia of reliability necessary to provide reasonable suspicion of criminal activity.

Appeal by defendant from judgment entered 5 September 2001 by Judge James Floyd Ammons, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 26 March 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General Douglas A. Johnston, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Janet Moore, for defendant appellant.*

TIMMONS-GOODSON, Judge.

Jermaine McArn ("defendant") appeals the trial court's denial of his motion to suppress cocaine discovered following a stop of his vehicle. For the reasons discussed herein, we reverse the trial court's denial of defendant's motion to suppress and remand the case for a new trial.

The facts pertinent to the instant appeal are as follows: On 4 August 2001, Officer Thomas Lee Hall ("Officer Hall") and Officer Smith of the Lumberton Police Department received a police radio communication dispatching the officers to investigate possible drug activity. An anonymous caller reported to the police department that a white Nissan vehicle on Franklin and Sessoms Street was involved in the sale of illegal drugs. Neither the record nor the trial court's findings of fact reveal any information about the tipster. Upon receiving the police communication, Officer Hall proceeded to the dispatched location and observed a white Nissan vehicle leaving the area. Officer Hall stopped the vehicle, which was operated by defendant and occupied by passengers, Marcus McKinna ("McKinna") and defendant's children. Officer Hall had no reason to suspect the vehicle's driver or occupants of illegal conduct apart from the anonymous tip.

Upon approaching defendant's vehicle, Officer Hall ordered defendant to produce his driver's license and vehicle registration. Defendant informed Officer Hall that his driver's license was revoked. Defendant was ordered to exit his vehicle. Officer Hall patted down defendant for weapons, placed him in a patrol vehicle, issued him a citation, and asked for consent to search the vehicle. Defendant consented to a search of his vehicle; however, the search revealed no illegal substances or contraband. Subsequently, McKinna was placed under arrest based on outstanding warrants.

Prior to Officer Hall searching the vehicle, defendant was removed from the patrol vehicle and ordered to stand at the rear of

the patrol vehicle. As Officer Hall searched defendant's vehicle, Detective Harold Jackson ("Detective Jackson") engaged in conversation with defendant. According to testimony from Detective Jackson, while talking to defendant he noticed that defendant appeared to have an object in his mouth. As a result, Detective Jackson asked defendant to "open his mouth and let [him] look [inside];" however, defendant did not respond to the request. Detective Jackson continued to talk with defendant and informed him that his children did not "need to see [him] going to jail for drugs," and that if he had drugs in his mouth he "needed to place them on the vehicle." On direct examination, defendant testified that Detective Jackson asked him if he had drugs in his mouth and that he did not respond. Defendant further testified that Detective Jackson continued to talk to him and stated "do not make us do this out here in front of the kids" and again requested to look inside of defendant's mouth. Subsequently, defendant removed a packet of cocaine from his mouth and placed the drugs on the rear of Officer Hall's patrol vehicle. Defendant was arrested and indicted for possession of a controlled substance.

At the close of the evidence, defendant's motion to suppress was denied and he entered a guilty plea to possession of cocaine; however, defendant reserved the right to appeal, pursuant to North Carolina General Statutes § 15A-979(b), from an order denying a motion to suppress. Defendant was sentenced to a suspended sentence of minimum five months' and a maximum of six months' imprisonment and twelve months of supervised probation. Defendant now appeals the trial court's denial of his motion to suppress.

The dispositive issue presented by this appeal is whether an anonymous tip received by police that a vehicle is involved in illegal drug sales is sufficient, without more, to justify an investigatory stop of the driver of the vehicle. For the reasons stated herein, we hold that it is not and reverse the judgment of the trial court.

"[T]he standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact 'are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.' " *State v. Buchanan,* 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (quoting *State v. Brewington,* 352 N.C. 489, 498, 532 S.E.2d 496, 501 (2000) (citations omitted), *cert. denied, Brewington v. North Carolina,* 531 U.S. 1165, 148 L. Ed. 2d 992 (2001)). This Court must not disturb the trial court's conclusions if

they are supported by the court's factual findings. *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). However, the trial court's conclusions of law are fully reviewable on appeal. *See State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000). At a suppression hearing, conflicts in the evidence are to be resolved by the trial court. *See State v. Johnson*, 322 N.C. 288, 295, 367 S.E.2d 660, 664 (1988). The trial court must make findings of fact resolving any material conflict in the evidence. *See State v. Aubin*, 100 N.C. App. 628, 634, 397 S.E.2d 653, 657 (1990), *cert. denied*, 502 U.S. 842, 116 L. Ed. 2d 101 (1991).

Here, defendant challenges the following findings of fact by the trial court:

. . . .

That on August 4th, 2000, Officer Hall of the Lumberton Police Department received information through the dispatch from an anonymous tip that there was a white Nissan, in the area of Franklin and Sessoms Streets, engaged in the sale of illegal narcotics or illegal drugs;

That the officer had been a police officer, at that time, for approximately 5 years and knew the area and knew that it had some reputation for being a crime area, although it was not the highest crime area of the city;

That, within 3 to 5 minutes of receiving this report, he proceeded to the area and saw a white Nissan [S]entra;

That he stopped the Nissan [S]entra primarily because of the information that the officer received from a citizen or informant via the communications from the anonymous call;

That, based on the officer's training, observation, experience, the area, and the details provided by the call and upon him finding a car that exactly matched the description of white Nissan [S]entra, he had reasonable suspicion to briefly stop the car;

The case before us involves the investigatory stop of defendant's automobile. We first note that before the police can conduct a brief investigatory stop of a vehicle and detain its occupants without a warrant, the officer must have a reasonable suspicion of criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 30, 20 L. Ed. 2d 889, 911 (1968); *See also State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994) (holding that a seizure of a person includes a brief investigatory detention

such as those involved in the stopping of a vehicle); *See State v. Bonds*, 139 N.C. App. 627, 628, 533 S.E.2d 855, 856 (2000). "Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if [the] allegations turn out to be fabricated, 'an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity.' " *Florida v. J.L.*, 529 U.S. 266, 270, 146 L. Ed. 2d 254, 260 (2000) (quoting *Alabama v. White*, 496 U.S. 325, 329, 110 L. Ed. 2d 301, 308 (1990)) (citations omitted). An anonymous tip may provide reasonable suspicion if it exhibits sufficient indicia of reliability and if it does not, then there must be sufficient police corroboration of the tip before the stop can be made. *Hughes*, 353 N.C. at 207, 539 S.E.2d at 630. When a tip is somewhat lacking in reliability it may still provide a basis for reasonable suspicion if it is buttressed by sufficient police corroboration. *Id.* "The reasonable suspicion must arise from the officer's knowledge prior to the time of the stop." *Id.* at 208, 539 S.E.2d at 631. An investigative stop "must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." *State v. Kincaid*, 147 N.C. App. 94, 98, 555 S.E.2d 294, 298 (2001). The police officer must have something more than an "unparticularized suspicion or hunch before" stopping a vehicle. *Id.* In determining whether reasonable suspicion exists, a court must consider the totality of the circumstances. *Watkins*, 337 N.C. at 441, 446 S.E.2d at 70.

In the present case, Officer Hall testified that based on an anonymous tip he was dispatched to a specific location to "investigate possible drug activity . . . involving a white Nissan car." Officer Hall testified that the area was residential and did not have a reputation for crime, although there had been prior complaints of drug activity in the area. Upon arriving at the scene, Officer Hall identified a white Nissan vehicle that would fit the description in the area as given by the anonymous tipster. He stopped the vehicle as it was leaving the area. Testimony from Officer Hall reveals that he stopped defendant based only on the description of the vehicle communicated by the dispatcher. Officer Hall had neither attempted nor made any independent observations or assessments regarding the operation of the Nissan vehicle, the activity of the occupants, or any illegal conduct.

In *Hughes*, our Supreme Court stated that:

"[a]n accurate description of a subject's readily observable location and appearance is of course reliable in this limited sense: It

will help the police correctly identify the person whom the tipster means to accuse. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity. The reasonable suspicion here at issue requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person."

*Id.* at 209, 539 S.E.2d at 632 (quoting *Florida*, 529 U.S. 266, 272, 146 L. Ed. 2d at 261).

Here, the fact that the anonymous tipster provided the location and description of the vehicle may have offered some limited indicia of reliability in that it assisted the police in identifying the vehicle the tipster referenced. It has not gone unnoticed by this Court, however, that the tipster never identified or in any way described an individual. Therefore, the tip upon which Officer Hall relied did not possess the indicia of reliability necessary to provide reasonable suspicion to make an investigatory stop. The anonymous tipster in no way predicted defendant's actions. The police were thus unable to test the tipster's knowledge or credibility. Moreover, the tipster failed to explain on what basis he knew about the white Nissan vehicle and related drug activity.

Officer Hall stopped defendant based solely on the anonymous tip and we hold that the tip, on its own, was not sufficiently reliable to create a reasonable suspicion of criminal activity. Accordingly, we conclude that the conclusion of the trial court, that the tip created a sufficient reasonable suspicion to justify stopping defendant's vehicle, was error. Thus, we reverse the denial by the trial court of defendant's motion to suppress and remand the case for a new trial.

Reversed and remanded for a new trial.

Judges BRYANT and GEER concur.