GEER, Judge.
Defendant Mark Timothy Satterfield seeks reversal of the trial court's denial of his motion to suppress, arguing that a highway patrol trooper lacked a constitutionally sufficient basis to stop defendant when defendant attempted to exit the Lowe's Motor Speedway in Charlotte by crossing a ditch rather than following the line of traffic. Upon review of the trial court's findings of fact, we conclude that the trooper possessed reasonable suspicionthat criminal activity might be occurring and, therefore, affirm.
Defendant was charged with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 (2003). He filed a pre-trial motion to suppress that the trial court orally denied following an evidentiary hearing. Defendant subsequently pled guilty, but reserved his right to appeal the denial of his motion to suppress. This Court ultimately dismissed the appeal on 4 June 2002 for failure to include in the record documentation reflecting that defendant had reserved his right to appeal pursuant to N.C. Gen. Stat. § 15A-979(b) (2003).
On 1 August 2002, this Court allowed defendant's petition for writ of certiorari. The current record on appeal includes defendant's transcript of appeal stating that "[d]efendant shall plead guilty to Level 5 DWI and reserve his right to appeal the denial of his motion to suppress evidence and intends to pursue an appeal pursuant to N.C.G.S. § 15A-979." The record also includes a single assignment of error: "Defendant assigns as error: The Court's failure to suppress the evidence received from Defendant after an unlawful and illegal stop, seizure and search."
Review of a trial court's denial of a motion to suppress is limited to a determination whether the trial court's findings of fact are supported by competent evidence and whether those findings support the trial court's ultimate conclusion of law. State v.Thompson, 154 N.C. App. 194, 196, 571 S.E.2d 673, 675 (2002). Although defendant contends that certain findings of fact of the trial court are not supported by evidence, he did not specifically assign error to any of the trial court's findings of fact and therefore, those findings are binding on appeal. State v. Adams, 159 N.C. App. 676, 679, 583 S.E.2d 689, 690, app. dismissed, 357 N.C. 659, 590 S.E.2d 272 (2003).
The trial court found the following facts. On 28 May 2000, at approximately 11:20 p.m., following the end of a race, a mass of cars was exiting the Lowe's Motor Speedway. The State Highway Patrol was responsible for directing traffic out of the Speedway facility in order to keep the traffic flowing. The traffic was moving along an exit road and merging into multiple lanes of traffic on a major highway. The traffic had, however, come to a halt. Trooper R. Cook, while directing traffic, observed defendant leave the exit road, drive across a ditch line, and try to enter a stopped lane of traffic on the highway. Trooper Cook approached defendant's vehicle and asked why defendant was exiting the Speedway without following the directions of the Highway Patrol troopers.
The court found that the purpose of the stop was for the trooper to "mak[e] inquiry as to why [defendant] did not follow the directions[.]" He concluded that the stop, therefore, was notillegal.
The State argued below that no stop occurred because defendant actually came to a halt as a result of the stopped traffic. Since the trial court did not address this question and since the State does not repeat this argument on appeal, we do not reach the issue and instead assume, for the purposes of this appeal, that there was a stop within the meaning of the Fourth Amendment.
Under the Fourth Amendment, before a police officer may conduct a brief investigatory stop of a vehicle without a warrant, the officer must have a reasonable suspicion that criminal activity may be occurring. State v. McArn, 159 N.C. App. 209, 212, 582 S.E.2d 371, 374 (2003) (citing Terry v. Ohio, 392 U.S. 1, 30, 20 L. Ed. 2d 889, 911, 88 S. Ct. 1868, 1884 (1968)). "[R]easonable suspicion" requires that "[t]he stop must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." State v. Watkins, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994). There must be a "minimal level of objective justification, something more than an `unparticularized suspicion or hunch.'" Id. at 442, 446 S.E.2d at 70 (quoting U.S. v. Sokolow, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 10, 109 S. Ct. 1581, 1585 (1989)). This Court reviews de novo the trial court's conclusion of law that a reasonable, articulablesuspicion existed to justify a stop.
Here, the trial court found that the trooper stopped defendant to inquire why defendant was not following the directions of the Highway Patrol regarding exiting the Speedway. N.C. Gen. Stat. § 20-114.1(a) (2003) provides:
No person shall willfully fail or refuse to comply with any lawful order or direction of any law-enforcement officer or traffic-control officer invested by law with authority to direct, control or regulate traffic, which order or direction related to the control of traffic.
Based on the trial court's findings of fact, the trooper had a reasonable suspicion that defendant was violating this statute. The officer's stop of defendant was, therefore, lawful under the Fourth Amendment, and the trial court did not err in denying defendant's motion to suppress.
Affirmed.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).