STATE OF NORTH CAROLINA
v.
SETH BRADEN BLANKENSHIP

No. COA12-1560

Filed 15 October 2013

**Search and Seizure—warrantless investigatory stop—anonymous tip—insufficient indicia of reliability—no corroboration**

The trial court erred in a driving while impaired case by denying defendant's motion to suppress evidence. The officers did not have reasonable suspicion to conduct a warrantless investigatory stop since the anonymous tip did not possess sufficient indicia of reliability and the officers did not corroborate the tip.

Appeal by defendant from judgment entered 21 September 2012 by Judge Marvin P. Pope in Buncombe County Superior Court. Heard in the Court of Appeals 15 August 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Angel E. Gray, for the State.*

*Charlotte Gail Blake, for defendant-appellant.*

CALABRIA, Judge.

Seth Braden Blankenship ("defendant") appeals from the trial court's denial of his motion to suppress evidence obtained from a warrantless search and seizure. We reverse and remand.

At approximately 2:00 a.m. on 15 July 2012, Officer Travis Jones ("Officer Jones") and Officer Kanupp of the Asheville Police Department ("APD") had just completed an investigation on Patton Avenue in Asheville, North Carolina when they received a be-on-the-lookout ("BOLO") message from the Asheville communications and dispatch operator ("911 operator"). A taxicab driver anonymously contacted 911 via his personal cellular telephone. At that time, the 911 operator did not ask the taxicab driver his name or phone number. However, when an individual calls 911, the 911 operator can determine the phone number used to make the call. Therefore, the 911 operator was later able to identify the taxicab driver as John Hutchby ("Hutchby"). Hutchby reported that he observed a red Mustang convertible with a black soft top ("the Mustang") driving erratically, running over traffic cones and continuing west on Patton Avenue. Hutchby followed the Mustang westbound to the intersection of Patton Avenue and Louisiana Avenue and provided the 911 operator with the Mustang's license plate letters and numbers, "XXT-9756."

Less than two minutes after the BOLO was broadcast, a red Mustang with a black soft top and an "X" in the license plate passed directly in front of Officers Jones and Kanupp, heading westbound on Patton Avenue. The officers jumped in their vehicles to attempt to follow the Mustang. When the officers caught up to the vehicle, they observed the driver turning left onto Asheville School Road. The Mustang approached a security gate that was blocking the entrance to the Asheville Private School's ("the school") campus. As the Mustang's driver, defendant, attempted to open the gate, the officers activated their blue lights and stopped defendant. Although the officers did not observe defendant violating any traffic laws or see any evidence of improper driving that would suggest impairment, when Officer Jones spoke to defendant he detected a strong odor of alcohol and asked defendant to perform field sobriety tests. Based on defendant's performance on the tests, Officer Jones placed defendant under arrest. After defendant's performance on a chemical analysis test, Officer Jones charged him with driving while impaired ("DWI").

Defendant pled guilty to DWI in Buncombe County District Court. The trial court sentenced defendant to a 60-day suspended sentence and placed him on unsupervised probation for twelve months. Defendant appealed the judgment to Superior Court on 21 August 2011.

STATE v. BLANKENSHIP

[230 N.C. App. 113 (2013)]

Defendant filed a motion to suppress the evidence obtained from a warrantless search and seizure ("motion to suppress"), claiming Officer Jones did not have reasonable suspicion to stop the vehicle. The trial court denied defendant's motion to suppress, finding that the arresting officers had reasonable suspicion to stop defendant's vehicle. On 21 September 2012, defendant pled guilty to DWI but reserved the right to seek appellate review of the denial of his motion to suppress. The trial court sentenced defendant to a 30-day suspended sentence and placed him on supervised probation for twelve months. Defendant appeals.

Defendant argues that the trial court erred by denying his motion to suppress because the officers did not have reasonable suspicion to conduct a warrantless, investigatory stop. We agree.

Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Peele*, 196 N.C. App, 668, 670, 675 S.E.2d 682, 684 (2009) (citations and quotations omitted). "The trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

"[I]n order to conduct a warrantless, investigatory stop, an officer must have reasonable and articulable suspicion of criminal activity." *Id.* at 206-07, 539 S.E.2d at 630.

> The stop must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training. The only requirement is a minimal level of objective justification, something more than an unparticularized suspicion or hunch.

*State v. Washington*, 193 N.C. App. 670, 676, 668 S.E.2d 622, 626 (2008) (internal quotations and citations omitted). The officer's reasonable suspicion must arise from his "knowledge prior to the time of the stop." *State v. McRae*, 203 N.C. App. 319, 322, 691 S.E.2d 56, 58 (2010).

"An informant's tip may provide the reasonable suspicion necessary for an investigative stop." *State v. Hudgins*, 195 N.C. App. 430, 434, 672 S.E.2d 717, 719 (2009) (internal citations omitted). When "the informant is known or where the informant relays information to an officer face-to-face, an officer can judge the credibility of the tipster firsthand and thus confirm whether the tip" possesses sufficient indicia of reliability.

*Id.* (internal citations omitted). When "[t]here was no indication that the informant had been previously used and had given accurate information" the Court treated the informant as an anonymous informant. *McRae*, 203 N.C. App. at 325, 691 S.E.2d at 60-61 (citation omitted). "An anonymous tip can provide reasonable suspicion" to justify a warrantless stop "as long as it exhibits sufficient indicia of reliability ... and if it does not, then there must be sufficient police corroboration of the tip before the stop may be made." *Peele*, 196 N.C. App. at 672, 675 S.E.2d at 685 (internal citations and quotations omitted).

As an initial matter, the officers did not have the opportunity to judge Hutchby's credibility firsthand or confirm whether the tip was reliable, because Hutchby had not been previously used and the officers did not meet him face-to-face. Since the officers did not have an opportunity to assess his credibility, Hutchby was an anonymous informant. Therefore, to justify a warrantless search and seizure, either the tip must have possessed sufficient indicia of reliability or the officers must have corroborated the tip. *See id.*

In the instant case, there is no dispute that the officers did not corroborate the tip. At the suppression hearing, the court found that the officers "did not have sufficient time to observe the vehicle being operated by [] defendant ... due to [] defendant's actions in turning left and going into the actual school property." When they caught up to defendant and observed him approaching the security gate, they activated their blue lights and stopped him because they did not have the access code to the school. Since they did not observe him violating any traffic laws, they were unable to corroborate the tip and the only issue to determine is whether Hutchby's tip exhibited sufficient "indicia of reliability" to provide the officers with reasonable suspicion to stop defendant.

To create the requisite reasonable suspicion, an anonymous tip must "be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." *State v. Harwood*, ___ N.C. App. ___, ___, 727 S.E.2d 891, 899 (2012) (citation omitted). In *State v. Coleman*, the defendant was stopped by an officer after an anonymous caller reported to 911 "that there was a cup of beer in a gold Toyota sedan" parked at a specific gas station and provided the location and license plate number for the vehicle. *State v. Coleman*, ___ N.C. App. ___, ___, 743 S.E.2d 62, 64 (2013). At the defendant's suppression hearing the State presented evidence, *inter alia*, that the 911 communications center obtained the caller's name and phone number. *Id.* The trial court denied the defendant's motion to suppress. *Id.* This Court held on appeal that:

[w]hile the fact that [the caller's] tip provided the license plate number and location of defendant's car may have provided some limited indicia of reliability, [the caller] did not describe defendant, did not provide any way for [the] Officer … to assess [the caller's] credibility, failed to explain [the caller's] basis of knowledge, and did not include any information concerning defendant's future actions. Accordingly … [the caller's] anonymous tip lacked the sufficient indicia of reliability necessary to establish reasonable suspicion.

*Id.* at ___, 743 S.E.2d at 67.

We find the instant case has some limited but insufficient indicia of reliability analogous to *Coleman.* In both cases, the anonymous caller described defendant's vehicle and the car's license plate letters and numbers. Just as the anonymous caller in *Coleman* was unable to describe the defendant, Hutchby also was unable to describe defendant, or indicate whether the driver was a male or a female. *See id.* at ___, 743 S.E.2d at 67. In addition, Hutchby did not provide any way for the officers to assess his credibility. Although Hutchby did relay to the 911 operator the location of the vehicle and the direction the Mustang was traveling, he did not include any information concerning defendant's future actions. At the suppression hearing, the court specifically made "no finding of fact as to what could or might have occurred at the Asheville School if [] defendant was able to access the security gate and elude the officers on Asheville School property." While the direction of travel can provide some indicia of reliability to support a stop, the North Carolina Supreme Court has held that a tipster's confirmation that a defendant was heading in a general direction "is simply not enough detail in an anonymous tip situation." *Hughes*, 353 N.C. at 210, 539 S.E.2d at 632.

The State relies on *State v. Maready* to support the trial court's decision. In *Maready*, the Court held that officers had reasonable suspicion to stop the defendant after the officers

observed an intoxicated man stumbling across the roadway to enter [a] silver Honda; saw [a] minivan, with its emergency flashers activated, driving unusually slowly and eventually coming to a halt immediately in front of the Honda; responded after being flagged down by the minivan driver, who seemed to be distressed; and obtained information in a face-to-face encounter that the driver of

> the Honda, whom the minivan driver had apparently been
> in a position to observe, had been running stop signs and
> stop lights.

362 N.C. 614, 620, 669 S.E.2d 564, 568 (2008). The State asserts that the instant case is similar to *Maready* because in both cases the informant provided their location, the description as well as the path of travel of the suspect vehicle, and a specific description of the driver's erratic behavior. The State is mistaken.

In *Maready*, the officers personally observed an intoxicated man enter a vehicle then drive away. In addition, the Court noted that the informant put her anonymity at risk by flagging down the officers. *Id.* Furthermore, the officers in *Maready* personally observed the driver of the minivan that stopped in front of the Honda. *Id.* Since the officers personally observed both the intoxicated man and the driver of the minivan, they were able to judge the informant's credibility and confirm firsthand that the tip possessed sufficient indicia of reliability. *Id.*; *compare, also Hudgins*, 195 N.C. App. at 431, 435, 672 S.E.2d at 718, 720 (2009) (where this Court found sufficient indicia of reliability where the 911 caller indicated that he was being followed and that the driver of the other car was pointing a gun at him, and the caller remained on the line with dispatch until an officer was able to intercept the vehicles, exited the vehicle and identified the driver as the man who had been following him).

In the instant case, Officers Jones and Kanupp did not personally observe any unlawful behavior by defendant or have the opportunity to meet Hutchby prior to the stop. Since the 911 operator was able to establish Hutchby's identity by tracking the personal cell phone he used to make the call, the officers later discovered Hutchby's identity. The officers were also unable to judge Hutchby's credibility and to confirm firsthand that the tip possessed sufficient indicia of reliability. Since Hutchby's anonymous tip did not possess sufficient indicia of reliability, Officers Jones and Kanupp did not possess reasonable, articulable suspicion to stop defendant's car. *See Peele*, 196 N.C. App at 668, 674-75, 675 S.E.2d at 682, 687 (holding that an anonymous tip describing a specific make and color of a car, the erratic driving of the vehicle, and a description of the direction in which the vehicle was traveling, without further corroboration, did not give the officer reasonable suspicion to lawfully stop the vehicle).

Consequently, the trial court improperly denied defendant's motion to suppress. Defendant also argues that several of the trial court's findings of fact were not supported by competent evidence in the record. It

is unnecessary to address defendant's argument, however, because even assuming, *arguendo*, the facts were supported by competent evidence, the facts do not support a conclusion that the officers had reasonable suspicion to stop the vehicle and the trial court should have granted defendant's motion to suppress evidence obtained from a warrantless search and seizure.

Reversed.

Judges STROUD and DAVIS concur.