STATE OF NORTH CAROLINA v. DARREN L. HUDGINS

No. COA08-441

(Filed 17 February 2009)

### 1. Search and Seizure— motion to suppress—caller's tip— reasonable suspicion—sufficient evidence of reliability coupled with attendant circumstances

The trial court did not err in a driving while impaired case by denying defendant's motion to suppress the stop of defendant's vehicle and evidence procured as a result of the stop because: (1) there was sufficient indicia of reliability from the tip of another driver, including that the caller telephoned police and remained on the telephone for approximately eight minutes, the caller provided specific information about the vehicle that was following him and their location, the caller carefully followed the instructions of the dispatcher which allowed an officer to intercept the vehicles, defendant followed the caller over a peculiar and circuitous route that doubled back on itself going in and out of residential areas between 2 and 3 a.m., the caller remained on the scene long enough to identify defendant to the officer, and the caller placed his anonymity at risk by calling on a cell phone and remaining at the scene; and (2) there were attendant circumstances perceivable to the officer supporting reasonable suspicion, including that the final route leading to the interception of the two vehicles was dictated by the officer, and the vehicles were as described when the officer arrived with defendant's vehicle behind that of the caller.

### 2. Appeal and Error— appellate rules violations—single-spaced—no page numbers

The Court of Appeals chose not to impose sanctions under N.C. R. App. P. 34 even though defendant's argument section of his brief was single-spaced in violation of N.C. R. App. P. 28(j) and contained no page numbers as required by Appendix B to the Rules of Appellate Procedure.

Appeal by defendant from judgment entered 16 July 2007 by Judge A. Moses Massey in Guilford County Superior Court. Heard in the Court of Appeals 24 September 2008.

*Attorney General Roy Cooper, by Associate Attorney General Jess D. Mekeel, for the State.*

*Knight & Free, L.L.C., by Kenneth A. Free, Jr., for the defendant-appellant.*

STEELMAN, Judge.

The arresting Officer had reasonable suspicion to investigate the defendant's activity, and thus the trial court properly denied defendant's motion to suppress the stop of defendant's vehicle and evidence procured as a result of that stop.

## I. Factual and Procedural Background

On 10 September 2006, at approximately 2:55 a.m., Officer Palmenteri received a call from dispatch informing him that a man (hereinafter referred to as "caller") was driving his car and being followed. The caller did not identify himself to the dispatcher but stated that he was being followed by a man armed with a gun in the vicinity of Westover Terrace and Green Valley Drive in Greensboro. The caller remained on the line with dispatch and described the vehicle by make, model and color and provided various updates on his location. This information was relayed to Officer Palmenteri who advised the dispatcher to direct the caller to drive to Market Street so he could intercept them. Officer Palmenteri proceeded to Market Street where he observed vehicles that matched the description given by the caller stopped at a red light. Officer Palmenteri activated his lights and siren and approached the following vehicle. At this time, caller did not identify himself but exited his vehicle and identified the driver of the second vehicle as the man who had been following him. Officer Palmenteri directed the driver of the second vehicle to show his hands and removed Darren Lynn Hudgins (defendant) from his car. During this time, caller re-entered his vehicle and drove away. After a protective frisk of defendant, Officer Palmenteri determined there was probable cause to arrest defendant for driving while impaired. There was no weapon found in a search of the car incident to the arrest.

On 10 May 2007, defendant filed a motion to suppress all evidence obtained as a result of the stop of his vehicle. On 30 May 2007, Judge Balog denied defendant's motion, finding that there was reasonable suspicion to stop the defendant's vehicle. On 16 July 2007, defendant pled guilty to driving while impaired, reserving his right to appeal the denial of his motion to suppress. Defendant now appeals that denial.

## II. Standard of Review

Our standard of review of an order granting or denying a motion to suppress "is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). " '[A] trial court's conclusions of law regarding whether the officer had reasonable suspicion [or probable cause] to detain a defendant is reviewable *de novo.*' " *State v. Wilson*, 155 N.C. App. 89, 93-94, 574 S.E.2d 93, 97 (2002), *review denied*, 356 N.C. 693, 579 S.E.2d 98 (2003), *cert. denied*, 540 U.S. 843, 157 L. Ed. 2d 78 (2003) (internal quotation marks and citations omitted). " '[T]he trial court's conclusions of law must be legally correct, reflecting a correct application of applicable legal principles to the facts found.' " *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (internal quotation marks and citations omitted).

## III. Motion to Suppress

### A. Findings of Fact

We note at the outset that defendant does not assign error to any of the trial court's findings of fact. "Where . . . the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal." *State v. Roberson*, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36, (2004), *cert. denied*, 358 N.C. 240, 594 S.E.2d 199 (2004). We thus review the trial court's order only to determine whether the findings of fact support the legal conclusion that the circumstances provided Officer Palmenteri reasonable suspicion for the stop of defendant.

### B. Reasonable Suspicion for the Stop

[1] In his sole argument on appeal, defendant contends that the trial court committed reversible error by denying his motion to suppress on the grounds that there was no reasonable suspicion to justify the stop of his vehicle. We disagree.

Defendant contends that there were no indicia of reliability as to caller which would support the stop of his vehicle. He further questions whether there was any illegal activity which would support the stop. The entire argument is based upon the decision of the North Carolina Court of Appeals in *State v. Maready*, 188 N.C. App. 169, 654 S.E.2d 769 (2008), *rev'd*, 362 N.C. 614, 669 S.E.2d 564 (2008), which

held, under facts very similar to the instant case, that there were not sufficient indicia of reliability in an anonymous tip to support a reasonable suspicion of criminal activity necessary to support the stop. In *State v. Maready*, 362 N.C. 614, 669 S.E.2d 564 (2008), our Supreme Court reversed this court's decision in *Maready* holding that there were sufficient indicia of reliability and other attendant circumstances to support a reasonable suspicion required to support the investigative stop.

"[T]he police can stop and briefly detain a person for investigative purposes if they have a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if they lack probable cause. . . ." *United States v. Sokolow*, 490 U.S. 1, 2, 104 L. Ed. 2d 1, 6 (1989) (citing *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889 (1968)). In order to conduct an investigatory warrantless stop and detention of an individual, a police officer must have reasonable suspicion, grounded in articulable and objective facts, that the individual is engaged in criminal activity. *State v. Thompson*, 296 N.C. 703, 706, 252 S.E.2d 776, 779 (1979), *cert. denied*, 444 U.S. 907, 62 L. Ed. 2d 143 (1979). "The reasonable suspicion must arise from the officer's knowledge prior to the time of the stop." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000). Reasonable suspicion has been applied to investigatory stops because a police officer is not required "to simply shrug his shoulders and allow a crime to occur or a criminal to escape." *Adams v. Williams*, 407 U.S. 143, 145, 32 L. Ed. 2d 612, 616 (1972). Instead, "[a] brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Id.* at 146, 32 L. Ed. 2d at 617. Nonetheless, such an investigative stop does create the basis for a Fourth Amendment seizure. *United States v. Gooding*, 695 F.2d 78, 82 (4th Cir. 1982).

Further, "the very point of *Terry* was to permit officers to take preventative action and conduct investigative stops *before* crimes are committed, based on what they view as suspicious—albeit even legal—activity." *United States v. Perkins*, 363 F.3d 317, 326 (4th Cir. 2004) (internal citations omitted) (emphasis in original), *cert. denied*, 543 U.S. 1056, 160 L. Ed. 2d 781 (2005). *Perkins* went on to hold that "[w]e cannot afford to read the Fourth Amendment to require officers to wait until criminal activity occurs, and perhaps until innocent bystanders are physically harmed, before taking reasonable, preventative measures." *Id.* at 328.

An informant's tip may provide the reasonable suspicion necessary for an investigative stop. *State v. Sanchez*, 147 N.C. App. 619, 623, 556 S.E.2d 602, 606 (2001), *review denied*, 355 N.C. 220, 560 S.E.2d 358 (2002). However, in cases where an informant's tip supplies part of the basis for reasonable suspicion, we must ensure that the tip possesses sufficient indicia of reliability. *See Florida v. J. L.*, 529 U.S. 266, 270, 146 L. Ed. 2d 254, 260 (2000); *Alabama v. White*, 496 U.S. 325, 328, 110 L. Ed. 2d 301, 307 (1990); *Adams v. Williams*, 407 U.S. 143, 147, 32 L. Ed. 2d 612, 617 (1972). In weighing the reliability of an informant's tip, the informant's veracity, reliability, and basis of knowledge must be considered. *Illinois v. Gates*, 462 U.S. 213, 230, 76 L. Ed. 2d 527, 543 (1983).

Where the informant is known or where the informant relays information to an officer face-to-face, an officer can judge the credibility of the tipster firsthand and thus confirm whether the tip is sufficiently reliable to support reasonable suspicion. *See Adams*, 407 U.S. at 146-47, 32 L. Ed. 2d at 617 (tip from known source); *United States v. Christmas*, 222 F.3d 141, 144 (4th Cir. 2000) (face-to-face tip from unknown source), *cert. denied*, 531 U.S. 1098, 148 L. Ed. 2d 712 (2001). Where a tip is anonymous, it must be accompanied by some corroborative elements that establish the tip's reliability. *See J. L.*, 529 U.S. at 270, 146 L. Ed. 2d at 260; *White*, 496 U.S. at 329-31, 110 L. Ed. 2d at 308-09. In determining whether the informant was anonymous or confidential and reliable the Court has adopted a "totality of the circumstances" test. *Gates*, 462 U.S. at 233, 76 L. Ed. 2d at 545.

In *Maready*, the Supreme Court emphasized that the "overarching inquiry" in assessing reasonable suspicion is "the *totality* of the circumstances." *Maready*, 362 N.C. at 619, 669 S.E.2d at 567 (emphasis in original). It also reiterated that:

Reasonable suspicion is a "less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." Only " 'some minimal level of objective justification' " is required. This Court has determined that the reasonable suspicion standard requires that "[t]he stop . . . be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." Moreover, "[a] court must consider 'the totality of the circumstances-the whole picture' in determining whether a reasonable suspicion" exists.

*Id.* (quoting *State v. Barnard*, 362 N.C. 244, 247, 658 S.E.2d 643, 645 (2008) (citations omitted), *cert. denied*, —— U.S. ——, 172 L. Ed. 2d 198 (2008)).

In *Maready*, an apparently distraught driver of a minivan advised deputies that they needed to check on the driver of a silver Honda Civic (Honda), which had been driving behind the minivan, because the Honda had been operated in an erratic manner. Deputies made an investigatory stop and discovered defendant to be impaired. In affirming the trial court's holding that reasonable suspicion existed to make the stop, the Supreme Court held that the following were indicia of reliability of the tip from the minivan driver: (1) the driver was operating the minivan immediately in front of the Honda and was able to provide a firsthand, eyewitness report; (2) the cautious driving and apparent distress of the driver of the minivan; (3) the driver of the minivan approached the deputies at a time and place near the scene of the alleged violations, giving little time to fabricate the allegations; (4) the minivan driver was not entirely unknown to the officers and placed her anonymity at risk because the officers could have written down the tag number of the minivan or detained the driver. *Maready*, 362 N.C. at 619, 669 S.E.2d at 567.

The Supreme Court also held that there were other attendant circumstances supporting a reasonable suspicion that support the " 'minimal intrusion' of a simple investigatory stop." *Id.* at 620, 669 S.E.2d at 568 (citing *Illinois v. Wardlow*, 528 U.S. 119, 126, 145 L. Ed. 2d 570, 577 (2000)).

In the instant case, there were indicia of reliability similar to those that existed in *Maready*: (1) the caller telephoned police and remained on the telephone for approximately eight minutes; (2) the caller provided specific information about the vehicle that was following him and their location; (3) the caller carefully followed the instructions of the dispatcher, which allowed Officer Palmenteri to intercept the vehicles; (4) defendant followed caller over a peculiar and circuitous route that doubled back on itself, going in and out of residential areas between 2 and 3 a.m.; (5) the caller remained on the scene long enough to identify defendant to Officer Palmenteri; (6) by calling on a cell phone and remaining at the scene, caller placed his anonymity at risk.

There were also attendant circumstances, perceivable to Officer Palmenteri, that support a reasonable suspicion. The final route leading to the interception of the two vehicles was dictated by Officer

Palmenteri, and when he arrived on Market Street, the vehicles were as described with defendant's vehicle behind that of caller.

Under the rationale of *Maready*, we hold there were sufficient indicia of reliability, coupled with attendant circumstances to satisfy the reasonable suspicion standard. We affirm the ruling of the trial court denying defendant's motion to suppress.

[2] We further note that the argument section of appellant's brief is single spaced in violation of Rule 28(j) of the Rules of Appellate Procedure. Further, appellant's brief contains no page numbers as required by Appendix B to the Rules of Appellate Procedure. In our discretion, we do not impose sanctions upon counsel pursuant to Rule 34. However, counsel is admonished that compliance with the Rules of Appellate Procedure is mandatory.

AFFIRMED.

Judges HUNTER, ROBERT C. and STROUD concur.