An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-65
NORTH CAROLINA COURT OF APPEALS

Filed:  19 August 2014

STATE OF NORTH CAROLINA

v.

Mecklenburg County
No. 10 CRS 227936

CHARNA ANN BUSTLE


Appeal by defendant from judgment entered 1 March 2013 by Judge Sharon Tracey Barrett in Mecklenburg County Superior Court.  Heard in the Court of Appeals 4 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.*
>
> *Anna S. Lucas for defendant-appellant.*


ERVIN, Judge.


Defendant Charna Ann Bustle appeals from a judgment imposing a suspended sentence and placing her on unsupervised probation based upon her conviction for driving while subject to an impairing substance.  On appeal, Defendant contends that the trial court erred by denying her motion to suppress evidence seized as a result of the stopping of the vehicle that she was driving.  After careful consideration of Defendant's challenge

to the trial court's judgment in light of the record and the applicable law, we conclude that the trial court's judgment should remain undisturbed.

## I. Factual Background

## A. Substantive Facts

The relevant facts underlying Defendant's challenge to the trial court's judgment are set out in its order denying Defendant's suppression motion, in which the trial court found as fact that:

1. In the early morning hours of June 13, 2010, Officer Som Brinton of the Cornelius Police Department received a call for service. . . .

2. This dispatch directed Officer Brinton to respond to a domestic disturbance at 19829 Bustle Road in Cornelius, Mecklenburg County.

3. The dispatch also indicated that an individual who resided at the address called to report that his ex-wife had attempted to run him over with her vehicle.

4. The dispatch further indicated that the suspect was driving a gray Ford Windstar van and was driving away from the scene. The [d]ispatch also included the license plate number for the vehicle.

5. Officer Brinton immediately responded to the dispatch and traveled toward the Bustle Road address.

6. Moments later, while Officer Brinton was en route to the address, he observed a Ford Windstar van traveling on Jetton Road in the opposite direction at approximately 4 a.m. in the morning when there were few vehicles on the road.

7. At that time, Officer Brinton turned his vehicle around in order to follow the van.

8. Officer Brinton noticed that the Ford van's license plate number matched the tag number contained in the dispatch.

9. Officer Brinton conducted a traffic stop on the Ford Windstar van.

10. This traffic stop occurred approximately ¼ of a mile from the address on Bustle Road provided to the officer by dispatch.

11. The defendant was the driver of the Windstar van when Officer Brinton conducted the traffic stop.

## B. Procedural History

On 13 June 2010, a citation charging Defendant with driving while subject to an impairing substance was issued. On 24 March 2011, Defendant entered a plea of guilty to driving while subject to an impairing substance in the Mecklenburg County District Court. Based upon her plea, Judge Sean P. Smith entered a judgment sentencing Defendant to a term of 30 days imprisonment, with this sentence being suspended and Defendant being placed on unsupervised probation for a period of 12 months

on the condition that she pay a $150.00 fine, a $250.00 community service fee, and the costs; obtain a substance abuse assessment and complete all recommended treatment; surrender her driver's license and not drive until properly licensed to do so; complete 24 hours of community service within 30 days; and comply with the usual terms and conditions of unsupervised probation. Defendant noted an appeal to the Mecklenburg County Superior Court from Judge Smith's judgment for a trial *de novo*.

On or about 22 February 2013, Defendant filed a motion seeking to have any evidence obtained as a result of the stopping of her vehicle suppressed. After a hearing held on 22 February 2013, the trial court entered an order denying Defendant's suppression motion on 1 March 2013. At the conclusion of the suppression hearing and after the trial court indicated the intention to deny Defendant's suppression motion, Defendant notified the State and the trial court that she planned to seek appellate review of the denial of her suppression motion following the entry of a guilty plea.

The charges against Defendant came on for hearing at the 25 February 2013 criminal session of the Mecklenburg County Superior Court. On 1 March 2013, Defendant entered a plea of guilty to driving while subject to an impairing substance. Based upon Defendant's plea, the trial court entered a judgment

sentencing Defendant to a term of 60 days imprisonment, with this sentence being suspended and with Defendant being placed on unsupervised probation for a period of 12 months on the condition that Defendant pay a $100.00 fine, a $250.00 community service fee, and the costs; obtain a substance abuse assessment and complete any recommended treatment; surrender her drivers license and not drive until properly licensed to do so; perform 24 hours of community service within 30 days; and comply with the usual terms and conditions of unsupervised probation. Defendant noted an appeal to this Court from the trial court's judgment.

## II. Substantive Legal Analysis

In her sole challenge to the trial court's judgment, Defendant contends that the trial court erred by denying her motion to suppress evidence obtained as a result of the stopping of her vehicle. More specifically, Defendant contends that Officer Brinton did not have a reasonable articulable suspicion that she was engaging in criminal conduct at the time that he stopped her vehicle. We do not find Defendant's argument persuasive.

## A. Standard of Review

An appellate court's review of a trial court order denying a motion to suppress is "strictly limited to determining whether

the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). However, "[t]he trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000). As a result of the fact that Defendant has not challenged the sufficiency of the evidentiary support for the trial court's findings of fact and the fact that such unchallenged findings of fact are binding for purposes of appellate review, *see State v. Roberson*, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36, *disc. review denied*, 358 N.C. 240, 594 S.E.2d 199 (2004), the sole question raised by Defendant's challenge to the denial of her suppression motion is whether the trial court's factual findings support its conclusion that Officer Brinton had a right to stop Defendant's vehicle.

### B. Validity of the Stopping of Defendant's Vehicle

The essential basis for Defendant's challenge to the denial of her suppression motion is a contention that Officer Brinton did not have the reasonable articulable suspicion necessary to support the stopping of her vehicle. More specifically, Defendant contends that the information provided in the 911 call

to which Officer Brinton was responding did not provide sufficient information to support the investigative detention to which she was subjected. We disagree.

> Reasonable suspicion is a "less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." Only "'some minimal level of objective justification'" is required. This Court has determined that the reasonable suspicion standard requires that "[t]he stop . . . be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." Moreover, "[a] court must consider 'the totality of the circumstances- the whole picture' in determining whether a reasonable suspicion" exists.

*State v. Maready*, 362 N.C. 614, 618, 669 S.E.2d 564, 567 (2008) (quoting *State v. Barnard*, 362 N.C. 244, 247, 658 S.E.2d 643, 645 (citations omitted), *cert. denied*, 555 U.S. 914, 129 S. Ct. 264, 172 L. Ed. 2d 198 (2008)). The reasonable suspicion necessary to support an investigative detention need not be based solely on the officer's personal observation; instead, an officer may conduct an investigative detention based upon information supplied by another person in appropriate circumstances. *See Adams v. Williams*, 407 U.S. 143, 147, 92 S. Ct. 1921, 1924, 32 L.Ed.2d 612, 617 (1972). As a result, "[a]n informant's tip may provide the reasonable suspicion necessary for an investigative stop" as long as "the tip possesses

sufficient indicia of reliability." *State v. Hudgins*, 195 N.C. App. 430, 434, 672 S.E.2d 717, 719 (2009).

An anonymous tip does not possess the same indicia of reliability that a tip from a known informant possesses. As this Court has previously explained:

> Where the informant is known or where the informant relays information to an officer face-to-face, an officer can judge the credibility of the tipster firsthand and thus confirm whether the tip is sufficiently reliable to support reasonable suspicion. *See Adams*, 407 U.S. at 146-47, [92 S. Ct. at 1923-24,] 32 L. Ed. 2d at 617 (tip from known source); *United States v. Christmas*, 222 F.3d 141, 144 (4th Cir. 2000) (face-to-face tip from unknown source), *cert. denied*, 531 U.S. 1098, [121 S. Ct. 830,] 148 L. Ed. 2d 712 (2001). Where a tip is anonymous, it must be accompanied by some corroborative elements that establish the tip's reliability. *See* [*Florida v.*] *J.L.*, 529 U.S. [266,] 270, [120 S. Ct. 1375, 1378,] 146 L. Ed. 2d [254,] 260 [(2000)]; [*Alabama v.*] *White*, 496 U.S. [325,] 329-31, [110 S. Ct. 2412, 2415-17,] 110 L. Ed. 2d [301,] 308-09 [(1990)]. In determining whether the informant was anonymous or confidential and reliable the Court has adopted a "totality of the circumstances" test.

*Id.* at 434, 672 S.E.2d at 719-20. Thus, the essential issue that we must resolve in order to address the validity of Defendant's challenge to the denial of her suppression motion is the extent, if any, to which the information provided by the caller had been sufficiently corroborated to support an investigative detention.

In *Hudgins*, this Court upheld a reasonable suspicion determination in a case in which an officer "received a call from dispatch informing him that a man . . . was driving his car and being followed." *Id.* at 431, 672 S.E.2d at 718. "The caller did not identify himself to the dispatcher, but stated that he was being followed by a man armed with a gun[.]" *Id.* The anonymous caller described the vicinity in which he was driving and the make, model, and color of the vehicle. *Id.* After proceeding to the location described by the information, the officer "observed vehicles that matched the description given by the caller stopped at a red light[,]" *id.*, and conducted an investigatory detention. After identifying defendant as the man who had been following him, the caller left the scene of the stop. *Id.* In upholding the validity of the investigative detention, we emphasized that:

> (1) the caller telephoned police and remained on the telephone for approximately eight minutes; (2) the caller provided specific information about the vehicle that was following him and their location; (3) the caller carefully followed the instructions of the dispatcher, which allowed [the officer] to intercept the vehicles; (4) defendant followed caller over a peculiar and circuitous route that doubled back on itself, going in and out of residential areas between 2 and 3 a.m.; (5) the caller remained on the scene long enough to identify defendant to [the officer]; (6) by calling on a cell phone and remaining at

> the scene, caller placed his anonymity at
> risk.

*Id.* at 435, 672 S.E.2d 720; *see also Maready*, 362 N.C. at 620, 669 S.E.2d at 568 (holding that an informant's willingness to place her anonymity at risk by approaching officers at the scene of the traffic stop was a "circumstance [that] weigh[ed] in favor of deeming her tip reliable").

Although the circumstances at issue in *Hudgins* differ from those at issue here, we still find *Hudgins* instructive. In this case, as in *Hudgins*, the caller provided specific information about the defendant and the vehicle that she was driving. Based on the information given by the caller, Officer Brinton was able to immediately proceed to the vicinity of the caller's address, encounter the vehicle that Defendant was driving, corroborate the description of the vehicle provided by the caller, and conduct an investigative detention only one-quarter of a mile from the caller's address. More importantly, as in *Hudgins*, the amount of personal information given by the caller placed his anonymity at significant risk. By giving the dispatcher his address and his ex-wife's name, investigating officers could have readily determined the caller's identity. Indeed, given the purpose of his call, the caller likely anticipated that law enforcement officers would investigate the domestic dispute that he reported had occurred at his home and discover who he was.

The much greater extent to which the caller placed his anonymity at risk in this case makes it readily distinguishable from the anonymous tip cases upon which Defendant places principal reliance. Moreover, although Defendant is correct in pointing out that the record contained no indication that Defendant was driving in an unlawful manner, that fact is of limited importance given that Officer Brinton was investigating a domestic disturbance rather than a driving-related problem. As a result, in light of our decision in *Hudgins*, we hold that the caller's tip was sufficiently corroborated to support an investigative detention and that the trial court did not, for that reason, err by denying Defendant's suppression motion.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that Defendant's challenge to the trial court's judgment lacks merit. As a result, the trial court's judgment should be, and hereby is, affirmed.

NO ERROR.

Judges ROBERT C. HUNTER and STEPHENS concur.

Report per Rule 30(e).