STATE OF NORTH CAROLINA v. DUANE E. FIELDS, DEFENDANT

No. COA08-627

(Filed 17 March 2009)

**Search and Seizure— traffic stop—motion to suppress evidence—lack of reasonable suspicion**

The trial court erred in a trafficking in cocaine by transportation case by denying defendant's motion to suppress evidence obtained during a traffic stop based on suspicion of driving while impaired due to defendant's weaving his vehicle because: (1) although the Court of Appeals has previously held that weaving can contribute to a reasonable suspicion of driving while impaired, it

STATE v. FIELDS

[195 N.C. App. 740 (2009)]

is usually coupled with additional specific articulable facts to also indicate that defendant was driving while impaired; (2) defendant's weaving within his lane, standing alone, was insufficient to support a reasonable suspicion that defendant was driving under the influence of alcohol; and (3) the totality of circumstances did not give rise to a reasonable articulable suspicion of criminal activity justifying the stop of defendant's vehicle when the detective did not observe defendant violating any laws such as driving above or significantly below the speed limit, defendant was stopped at approximately 4:00 pm which was not an unusual hour, and there was no evidence that defendant was near any places to purchase alcohol.

Appeal by defendant from order entered 14 February 2006 by Judge William C. Gore, Jr., in Columbus County Superior Court. Heard in the Court of Appeals 14 January 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General Grady L. Balentine, Jr., for the State.*

*Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant appellant.*

HUNTER, JR., Robert N., Judge.

Duane Edward Fields ("defendant") appeals from an order of the trial court that denied his motion to suppress evidence obtained during a traffic stop. For reasons discussed herein, we reverse.

## I. Background

At approximately 4:00 p.m. on 19 May 2005, Detective Heath Little ("Detective Little") of the Columbus County Sheriff's Office Drug Enforcement Unit was patrolling Highway 74 when he observed defendant's car. Detective Little followed defendant's car for approximately one and a half miles. On three separate occasions, Detective Little saw defendant's car swerve to the white line on the right side of the traffic lane.

Due to defendant's weaving, Detective Little stopped the car under suspicion of driving while impaired. When Detective Little approached defendant's car, defendant produced his license and registration. Detective Little asked defendant if he had consumed any alcohol. Defendant responded that he had not and pointed to a bottle of Gatorade he had been drinking. Detective Little did not smell alco-

hol or observe anything in defendant's car to indicate illegal activity. Detective Little then went back to his vehicle to verify defendant's license and registration through the police radio.

Approximately five minutes later, Detective Little returned defendant's license and registration and observed what appeared to be a pack of rolling papers in the console of the driver's side door. When he asked defendant what the item was, defendant produced a cover to a pack of rolling papers. Detective Little then asked defendant if there was anything illegal in his vehicle and defendant stated there was not. At trial, Detective Little testified that defendant consented to the search of his car, while defendant testified that Detective Little never asked for his consent. The trial court made a factual finding in its 14 February 2006 order that defendant had consented to the search. While searching defendant's car, Detective Little recovered 112 grams of marijuana and 124 grams of cocaine in the glove compartment. Defendant was then under arrest.

Defendant was indicted for trafficking in cocaine by transport in violation of N.C. Gen. Stat. § 90-95(h)(3). On 14 November 2005, defendant filed a motion to suppress arguing that the initial stop of his vehicle was unreasonable and that all evidence obtained as a result of that stop should be suppressed. The trial court denied defendant's motion and concluded that the initial stop of defendant's car was based on reasonable suspicion and that the amount of time defendant was detained was not unreasonable. Defendant pleaded guilty to trafficking in cocaine by transportation, pursuant to *State v. Alford,*[1] and reserved his right to appeal the denial of the motion to suppress. Defendant was sentenced to 12 to 15 months' imprisonment and has remained on bond pending this appeal.

## II. Issues

Defendant asserts that the trial court erred by denying his motion to suppress on the grounds that (1) the initial stop of defendant's car was not based on a reasonable and articulable suspicion of criminal activity and (2) the length of defendant's detention was unreasonable.

## III. Standard of Review

When reviewing a motion to suppress, the trial court's findings of fact are conclusive and binding on appeal if supported by competent

---

1. In *State v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162 (1970), the Court held that a defendant may enter a guilty plea containing a protestation of innocence when the defendant intelligently concludes that a guilty plea is in his best interest and the record contains strong evidence of actual guilt. *Id.* at 37-39, 27 L. Ed. 2d at 171-72.

evidence. *State v. Edwards*, 185 N.C. App. 701, 702, 649 S.E.2d 646, 648, *disc. review denied*, 362 N.C. 89, 656 S.E.2d 281 (2007). We review the trial court's conclusions of law *de novo. Id.*

## IV. Motion to Suppress Evidence

On appeal, defendant renews his contention that Detective Little did not have a reasonable suspicion of criminal activity to justify stopping his car. Defendant does not assign error to the trial court's findings of fact, and therefore, these findings are binding on this Court. *State v. Roberson*, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36, *disc. review denied*, 358 N.C. 240, 594 S.E.2d 199 (2004). Defendant challenges the trial court's conclusion of law that a reasonable suspicion existed to stop his vehicle, arguing that the findings of fact do not support this conclusion. We agree with defendant and therefore reverse the trial court's order denying the motion to suppress.

Our federal and state constitutions protect individuals against unreasonable searches and seizures. U.S. Const. amend. IV; N.C. Const. art. I, § 20. Seizures include brief investigatory detentions, such as those involved in the stopping of a vehicle. *State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 69-70 (1994). "Traffic stops have 'been historically reviewed under the investigatory detention framework first articulated in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).' " *State v. Styles*, 362 N.C. 412, 414, 665 S.E.2d 438, 439 (2008) (citation omitted). If the investigatory seizure is invalid, evidence resulting from the warrantless stop is inadmissible under the exclusionary rule in both our federal and state constitutions. *State v. Jones*, 96 N.C. App. 389, 394, 386 S.E.2d 217, 220 (1989), *appeal dismissed, disc. review denied*, 326 N.C. 366, 389 S.E.2d 809 (1990).

Our Supreme Court has held that an investigatory stop must be justified by a " 'reasonable, articulable suspicion that criminal activity is afoot.' " *Styles*, 362 N.C. at 414, 665 S.E.2d at 439 (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123, 145 L. Ed. 2d 570, 576 (2000)). Reasonable suspicion is a "less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence[.]" *Wardlow*, 528 U.S. at 123, 145 L. Ed. 2d at 576. "The stop must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training."

*Watkins,* 337 N.C. at 441-42, 446 S.E.2d at 70 (citing *Terry,* 392 U.S. at 21-22, 20 L. Ed. 2d at 906). A court must consider the totality of the circumstances in determining whether a reasonable suspicion existed. *State v. Barnard,* 362 N.C. 244, 247, 658 S.E.2d 643, 645 (citations omitted), *cert. denied,* —— U.S. ——, 172 L. Ed. 2d 198 (2008).

The requisite degree of suspicion must be high enough "to assure that an individual's reasonable expectation of privacy is not subject to arbitrary invasions solely at the unfettered discretion of officers in the field." *State v. Murray,* 192 N.C. App. 684, 687, 666 S.E.2d 205, 208 (2008). A police officer must develop more than an "unparticularized suspicion or hunch" before he or she is justified in conducting an investigatory stop. *See id.* (holding that the police officer lacked reasonable suspicion when he stopped a vehicle to find out why it was traveling in an area with a history of break-ins).

We have previously held that weaving can contribute to a reasonable suspicion of driving while impaired. However, in each instance, the defendant's weaving was coupled with additional specific articulable facts, which also indicated that the defendant was driving while impaired. *See, e.g., State v. Aubin,* 100 N.C. App. 628, 397 S.E.2d 653 (1990) (weaving within lane, plus driving only forty-five miles per hour on the interstate), *appeal dismissed, disc. review denied,* 328 N.C. 334, 402 S.E.2d 433, *cert. denied,* 502 U.S. 842, 116 L. Ed. 2d 101 (1991); *State v. Jones,* 96 N.C. App. 389, 386 S.E.2d 217 (1989) (weaving towards both sides of the lane, plus driving twenty miles per hour below the speed limit), *appeal dismissed, disc. review denied,* 326 N.C. 366, 389 S.E.2d 809 (1990); *State v. Adkerson,* 90 N.C. App. 333, 368 S.E.2d 434 (1988) (weaving within lane five to six times, plus driving off the road); *State v. Thompson,* 154 N.C. App. 194, 571 S.E.2d 673 (2002) (weaving within lane, plus exceeding the speed limit).

When determining if reasonable suspicion exists under the totality of circumstances, a police officer may also evaluate factors such as traveling at an unusual hour or driving in an area with drinking establishments. In *State v. Jacobs,* 162 N.C. App. 251, 255, 590 S.E.2d 437, 441 (2004), the defendant was weaving within his lane and touching the designated lane markers on each side of the road. We concluded that the defendant's weaving combined with the fact that he was driving at 1:43 a.m. in an area near bars was sufficient to establish a reasonable suspicion of driving while impaired. *Id.* Similarly, we found that the facts in *State v. Watson,* 122 N.C. App. 596, 599-600, 472 S.E.2d 28, 30 (1996), established a reasonable

suspicion, due to the fact that the defendant was weaving within his lane and driving on the dividing line of the highway at 2:30 a.m. on a road near a nightclub.

In order to preserve an individual's Fourth Amendment rights, it is of the utmost importance that we recognize that the presence of any one of these factors is not, by itself, proof of any illegal conduct and is often quite consistent with innocent travel. *See United States v. Sokolow*, 490 U.S. 1, 9, 104 L. Ed. 2d 1, 11 (1989). It is only when these factors are "taken together [that] they amount to reasonable suspicion." *Id.* In *Terry*, the United States Supreme Court stated:

> The scheme of the Fourth Amendment becomes meaningful only when it is assured that at some point the conduct of those charged with enforcing the laws can be subjected to the more detached, neutral scrutiny of a judge who must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances. . . . Anything less would invite intrusions upon constitutionally guaranteed rights . . . . [S]imple " 'good faith on the part of the arresting officer is not enough.' . . . If subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police."

*Terry*, 392 U.S. at 21-22, 20 L. Ed. 2d at 906 (citations omitted).

In *Roberson*, 163 N.C. App. at 135, 592 S.E.2d at 737, we affirmed the trial court's order that granted the defendant's motion to suppress evidence. The defendant in *Roberson* delayed proceeding through a traffic light for approximately eight-to-ten seconds upon the light turning green. Although the incident occurred at 4:30 a.m. in an area of town where several bars were located, we held that those factors viewed collectively did not create a reasonable, articulable suspicion of criminal activity. We adopted the following reasoning of the Idaho Court of Appeals:

> In this case, the officer relied upon his prior training which suggested that forty percent of all people who make a delayed response to a traffic signal are driving while under the influence of alcohol. However, such inferences must still be evaluated against the backdrop of everyday driving experience. It is self-evident that motorists often pause at a stop sign or traffic light when their attention is distracted or preoccupied by outside influences.

*Id.* at 134; 592 S.E.2d at 736 (quoting *State v. Emory*, 809 P.2d 522, 525 (1991)).

Similarly, we hold that defendant's weaving within his lane, standing alone, is insufficient to support a reasonable suspicion that defendant was driving under the influence of alcohol. To hold otherwise would extend the grounds for reasonable suspicion farther than our Courts ever have. The facts in this case are clearly distinguishable from the circumstances in *Jacobs* and *Watson*. Here, Detective Little did not observe defendant violating any laws such as driving above or significantly below the speed limit. Furthermore, defendant was stopped at approximately 4:00 p.m., which is not an unusual hour, and there was no evidence that defendant was near any places to purchase alcohol. The totality of circumstances do not give rise to a reasonable, articulable suspicion of criminal activity justifying the stop of defendant's vehicle. Thus, we reverse the trial court's order denying defendant's motion to suppress. Accordingly, we need not address whether the length of defendant's detention was unreasonable.

## V. Conclusion

Based on the aforementioned reasons, we reverse the order denying defendant's motion to suppress and remand this case to the trial court for further proceedings.

Reversed and remanded.

Judges McGEE and JACKSON concur.