## STATE v. KOCHUK

[223 N.C. App. 301 (2012)]

STATE OF NORTH CAROLINA v. JAMES R. KOCHUK

No. COA12-525

(Filed 6 November 2012)

## Search and Seizure—traffic stop—failure to maintain lane control

The trial court in an impaired driving prosecution did not err by granting defendant's motion to suppress where the State contended that an officer had reasonable suspicion for a stop based on defendant's failure to maintain lane control. Defendant's weaving alone was insufficient to establish reasonable suspicion and the trial court found that the officer saw no other signs of high or low speed, no prolonged weaving, no improper turns, no inappropriate use of signals, and no other evidence of any type of improper or erratic driving.

Judge BEASLEY dissenting.

Appeal by the State from order entered 3 October 2011 by Judge Carl R. Fox in Durham County Superior Court. Heard in the Court of Appeals 10 October 2012.

*Attorney General Roy Cooper by Assistant Attorney General Joseph L. Hyde, for the State.*

*Russell Joseph Hollers, attorney for defendant.*

ELMORE, Judge.

The State appeals from an order granting James R. Kochuk's (defendant) motion to suppress evidence obtained following a stop of his vehicle. We affirm.

On 3 July 2010, Trooper Ellerbe of the North Carolina State Highway Patrol was on duty and traveling eastbound on Interstate 40. Around 1:00 AM, Trooper Ellerbe began traveling 1-2 car lengths behind defendant's vehicle in the middle lane. He then observed defendant's vehicle cross over the dotted white line, causing both wheels on the passenger side of the vehicle to cross into the right lane for about 3-4 seconds, and then move back into the middle lane. Trooper Ellerbe then observed defendant lawfully merge into the right-hand lane. There, he observed defendant's vehicle drift over to the right-hand side of the right lane, with both wheels riding on top of the solid white line, twice for a period of 3-4 seconds each time.

Based on these observations, Trooper Ellerbe conducted a stop of defendant's vehicle, and defendant was cited for driving while impaired (DWI). On 25 January 2011, defendant was convicted of DWI and appealed to superior court. On 19 September 2011, defendant filed a motion to suppress. On 20 September 2011, a hearing was held on the motion, and on 3 October 2011 the trial court entered an order granting defendant's motion and suppressing all evidence obtained as a result of the stop. The State now appeals.

The State argues that the trial court erred in granting defendant's motion to suppress because Trooper Ellerbe had reasonable suspicion for the stop based on defendant's failure to maintain lane control. We disagree.

Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000). "Where, however, the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal." *State v. Roberson*, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36 (2004) (citation omitted).

Here, the State does not challenge any of the trial court's findings. Thus, they are binding on appeal. However, the State argues that the trial court erred in concluding that Trooper Ellerbe lacked reasonable and articulable suspicion to support a stop of defendant's vehicle.

This determination actually appears as a finding of fact in the trial court's order, and not as a conclusion of law. Finding of fact 22 reads "when all of the facts and factors in this case were taken into account . . . [they] did not amount to reasonable and articulable suspicion and as such [the] subsequent stop . . . [was] invalid and illegal." Regardless, we conclude that this finding of fact is more appropriately classified as a conclusion of law, *see N.C. State Bar v. Key*, 189 N.C. App. 80, 88, 658 S.E.2d 493, 499 (2008) ("any determination requiring the exercise of judgment or the application of legal principles is more properly classified a conclusion of law."), and we will review accordingly, *see id.* ("classification of an item within the order

is not determinative, and, when necessary, the appellate court can reclassify an item before applying the appropriate standard of review.").

As the trial court correctly determined, this case is analogous to *State v. Fields*, 195 N.C. App. 740, 673 S.E.2d 765 (2009). In *Fields*, the defendant argued on appeal that the trial court erred in denying his motion to suppress, in part, because the initial stop of his car was not based on a reasonable and articulable suspicion of criminal activity. 195 N.C. App. at 742, 673 S.E.2d at 767. There, the defendant was stopped after the officer observed the defendant's car swerve to the white line on the right side of the traffic lane on three separate occasions. *Id.* at 741, 673 S.E.2d at 766. This Court reversed the trial court's decision because "[the] defendant's weaving within his lane, standing alone, [was] insufficient to support a reasonable suspicion that defendant was driving under the influence of alcohol." *Id.* at 746, 673 S.E.2d at 769. We also noted that this Court has previously held that "weaving can contribute to a reasonable suspicion of driving while impaired[,]" but that the weaving must be "coupled with additional specific articulable facts, which also indicate[] that the defendant was driving while impaired." *Id.* at 744, 673 S.E.2d at 768.

Here, the trial court's findings establish that Trooper Ellerbe witnessed defendant's "vehicle cross over the dotted white line" causing "both of the wheels on the passenger side" to enter "into the right lane for about three to four seconds" and that later he observed defendant's vehicle "drift over to the right-hand side of the right lane where its wheels were riding on top of the white line . . . twice for a period of three to four seconds each time." We conclude that these movements amount to nothing more than weaving. Further, the trial court found that "other than those movements," Trooper Ellerbe "saw no other signs of a high or low speed, no prolonged weaving, no improper turns, no inappropriate use of signals, and no other evidence of any type of improper or erratic driving."

Thus, consistent with our holding in *Fields*, we conclude that defendant's weaving alone was insufficient to establish reasonable suspicion. According, we affirm the trial court's order.

Affirmed.

Judge STROUD concurs.

Judge BEASLEY dissents by separate opinion.

BEASLEY, Judge, dissenting.

Because I believe controlling precedent determines that Trooper Ellerbe had reasonable suspicion, I respectfully dissent from the majority's opinion and would reverse the trial court's order granting Defendant's motion to suppress and remand the case for trial.

This case is controlled by *State v. Otto*, ___ N.C. ___, 726 S.E.2d 824 (2012). In Otto, our Supreme Court focused on " 'the totality of the circumstances.' " *Id.* at ___, 726 S.E.2d at 828 (quoting *State v. Styles*, 362 N.C. 412, 414, 665 S.E.2d 438, 440 (2008)). Prior to the case reaching our Supreme Court, this Court focused on its precedent requiring weaving in one's own lane plus one additional factor to constitute reasonable suspicion. *State v. Otto*, ___ N.C. App. ___, ___, 718 S.E.2d 181, 184–85 (2011). The Supreme Court held that there was reasonable suspicion based on the findings of fact that the defendant was continuously weaving at 11:00 p.m. on a Friday night. *Otto*, ___ N.C. at ___, 726 S.E.2d at 828. We have held that 1:43 a.m. is an unusual hour. *State v. Jacobs*, 162 N.C. App. 251, 255, 590 S.E.2d 437, 441 (2004). Moreover, in *State v. Hudson*, 206 N.C. App. 482, 486, 696 S.E.2d 577, 581 (2010), we held that crossing the center lines and fog lines twice amounts to probable cause to conduct a traffic stop for violation of N.C. Gen. Stat. § 20-146.

Based on the totality of the circumstances as articulated by the majority opinion in *Otto* and our case law in *Hudson*, I would hold that there was reasonable suspicion to stop Defendant. Defendant in this case momentarily crossed the right dotted line once while in the middle lane. He then made a legal lane change to the right lane and later drove on the fog line twice. Defendant, thus, was weaving within his own lane. The trial court also found that Trooper Ellerbe stopped Defendant at 1:10 a.m. These two facts coupled together, under the totality of the circumstances analysis as outlined in *Otto*, constitute reasonable suspicion for the stop.

Further, the Supreme Court's rationale is consistent with our Court's decision in *Fields*. The majority here notes that in *Fields*, our Court held that to constitute reasonable suspicion, weaving must be "coupled with additional specific articulable facts, which also indicate[] that the defendant was driving while impaired." *State v. Fields*, 195 N.C. App. 740, 744, 673 S.E.2d 765, 768 (2009). Here, in addition

to weaving, the additional specific articulable fact is the time of driving- 1:10 a.m.-the time that Trooper Ellerbe stopped Defendant.

Our courts must provide clarity in this area so that law enforcement officers can effectively carry out their responsibilities for the public's safety, and motorists need some reasonable consistency for how their driving might be critiqued in driving while impaired investigations, as well as other traffic-related investigations. In *Otto*, our Supreme Court held that the court must consider the totality of the circumstances in determining whether reasonable suspicion existed in a traffic stop such as in the one *sub judice*.

For the reasons stated above, I would reverse the trial court's order granting the motion to suppress and remand the case for trial. Thus, I respectfully dissent.