IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA14-1036

 Filed: 17 March 2015

State of North Carolina
 Pitt County
 v.
 No. 07 CRS 58124
Jamie Cole Wainwright

 Appeal by defendant from judgment entered 26 March 2014 by Judge Alma

L. Hinton in Pitt County Superior Court. Heard in the Court of Appeals 18

February 2015.

 Attorney General Roy Cooper, by Assistant Attorney General J. Aldean
 Webster III, for the state.

 The Robinson Law Firm, P.A., by Leslie S. Robinson, for defendant.

 TYSON, Judge.

 Defendant appeals from the denial of his motions to suppress the

investigatory stop of his vehicle and to quash the citation charging him with driving

while impaired. We affirm.

 I. Background

 Officer Chad Edwards was on duty in the early Sunday morning hours of 12

August 2007. Officer Edwards had four years of experience as a police officer, and

had been employed by the East Carolina University Police Department for nearly a

year. At approximately 2:37 a.m., Officer Edwards was standing beside his patrol
 STATE V. WAINWRIGHT

 Opinion of the Court

car in the driveway of the Chancellor’s residence on East Fifth Street. The

Chancellor’s residence is located directly across the street from the East Carolina

University campus, three to four blocks from downtown Greenville. There are

numerous bars and nightclubs located in the downtown area. The area around the

Chancellor’s residence is mostly comprised of student housing.

 Officer Edwards was speaking with two women when he observed a grey Jeep

Cherokee traveling toward downtown on East Fifth Street. The Jeep swerved to the

right, crossed the white line marking the outside lane of travel, and almost hit the

curb. The vehicle continued on East Fifth Street, and Officer Edwards observed

nothing else unusual about the vehicle.

 Officer Edwards testified he was concerned the vehicle would swerve again

and strike a pedestrian. He stated pedestrian traffic in this immediate area was

much heavier than normal. Students had moved back onto campus, but had not

resumed their classes. The bars and nightclubs had stopped serving alcohol at 2:00

a.m., shortly before Officer Edwards observed the Jeep. Officer Edwards testified

that one of the nightclubs located downtown has a capacity of 800 patrons, and it

generally operated at full capacity on a Saturday night. About a dozen other

establishments in the area serve alcohol. Many pedestrians were walking along the

sidewalks on their way home from the bars and nightclubs in the downtown area.

Officer Edwards testified some pedestrians were walking in the bicycle lane, and it

was not unusual to observe some pedestrians walking in the road.

 -2-
 STATE V. WAINWRIGHT

 Opinion of the Court

 After he observed the grey Jeep swerve, Officer Edwards left the Chancellor’s

driveway and pulled into the roadway behind the vehicle. He activated his blue

lights and initiated a traffic stop. Officer Edwards, along with two other police

officers, determined defendant, the driver, was impaired and arrested him.

Defendant was transported to the Pitt County Detention Center and administered

an Intoxilyzer test to determine his blood alcohol concentration. The Intoxilyzer

test revealed a blood alcohol concentration of .011.

 Defendant was tried before the Pitt County District Court on 12 November

2013, and was convicted of driving while impaired. He appealed the conviction to

Pitt County Superior Court. Prior to trial, the Superior Court denied defendant’s

motion to suppress evidence obtained from the traffic stop and to quash the citation.

 The case was tried before a jury and defendant was convicted of driving while

impaired. The trial court found aggravating factors of a prior driving while

impaired conviction within seven years, and defendant was driving with a revoked

license at the time of his arrest. He was sentenced as a Level 1 offender to a term of

eighteen months of supervised probation, and was ordered to serve an active term of

thirty days in prison. Defendant appeals.

 II. Issues

 Defendant argues the trial court: (1) lacked jurisdiction to enter judgment on

his driving while impaired conviction, because defendant did not sign the citation to

acknowledge receipt and Officer Edwards did not certify delivery of the citation; (2)

 -3-
 STATE V. WAINWRIGHT

 Opinion of the Court

failed to enter a written order on the denial of his motion to suppress; and, (3) erred

in denying his motion to suppress, because Officer Edwards did not form a

reasonable articulable suspicion that defendant was impaired.

 III. Motion to Quash the Citation

 Defendant asserts the trial court erred by denying his pretrial motion to

quash the citation, which charged him with driving while impaired, because he did

not sign the citation and Officer Edwards did not certify the delivery of the citation

as mandated by N.C. Gen. Stat. § 15A-302(d) (2013). He argues Officer Edwards’s

failure to follow the procedure set forth in the statute for service of a citation

divested the court of jurisdiction to enter judgment on his conviction for driving

while impaired. We disagree.

 a. Standard of Review

 “An alleged error in statutory interpretation is an error of law, and thus our

standard of review for this question is de novo.” Armstrong v. N.C. State Bd. of

Dental Examiners, 129 N.C. App. 153, 156, 499 S.E.2d 462, 466 (1998) (citations

omitted). This Court also reviews challenges to the jurisdiction of the trial court

under a de novo standard. McKoy v. McKoy, 202 N.C. App. 509, 511, 689 S.E.2d 590,

592 (2010). “Under a de novo review, the court considers the matter anew and freely

substitutes its own judgment for that of the lower tribunal.” State v. Williams, 362

N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quotation marks omitted).

 -4-
 STATE V. WAINWRIGHT

 Opinion of the Court

 b. Statutory Requirements for Service of a Citation

 “An officer may issue a citation to any person who he has probable cause to

believe has committed a misdemeanor or infraction.” N.C. Gen. Stat. § 15A-302(b)

(2013). The citation must:

 (1) Identify the crime charged, including the date, and
 where material, identify the property and other persons
 involved,

 (2) Contain the name and address of the person cited, or
 other identification if that cannot be ascertained,

 (3) Identify the officer issuing the citation, and

 (4) Cite the person to whom issued to appear in a
 designated court, at a designated time and date.

N.C. Gen. Stat. § 15A-302(c) (2013). The issuance of a citation requires the person

to appear in court and answer a misdemeanor or infraction charge or charges, or

waive his appearance. N.C. Gen. Stat. § 15A-302(a) (2013).

 The manner of service of a citation is governed by N.C. Gen. Stat. § 15A-

302(d), which provides:

 A copy of the citation shall be delivered to the person cited
 who may sign a receipt on the original which shall thereafter
 be filed with the clerk by the officer. If the cited person
 refuses to sign, the officer shall certify delivery of the
 citation by signing the original, which shall thereafter be
 filed with the clerk. Failure of the person cited to sign the
 citation shall not constitute grounds for his arrest or the
 requirement that he post a bond.

N.C. Gen. Stat. § 15A-302(d) (2013) (emphasis supplied).

 -5-
 STATE V. WAINWRIGHT

 Opinion of the Court

 The citation form includes a signature box for the defendant to sign to

acknowledge receipt of a copy of the citation. The citation issued in this case is

included in the record and does not bear defendant’s signature. The citation form

does not include an additional place for the officer to sign, in the event the

defendant refuses to sign for receipt of the document. Officer Edwards signed the

citation, as issuing officer, pursuant to N.C. Gen. Stat. § 15A-301(a) (2) (2013). (“The

citation must be signed and dated by the law-enforcement officer who issues it.”).

 The record indicates defendant was provided with a copy of the charges when

he was brought before the magistrate. The Magistrate’s Order, included on the

citation, states defendant was arrested without a warrant, there is probable cause

for the arrest, and that a copy of the order was delivered to defendant. The

magistrate signed the order on 12 August 2007, the day of defendant’s arrest.

 Defendant argues that § 15A-302(d) requires Officer Edwards to have signed

the citation a second time, because defendant did not sign to acknowledge receipt of

a copy. We disagree.

 “When the language of a statute is clear and unambiguous, there is no room

for judicial construction and the courts must give the statute its plain and definite

meaning, and are without power to interpolate, or superimpose, provisions and

limitations not contained therein.” State v. Jackson, 353 N.C. 495, 501, 546 S.E.2d

570, 574 (2001) (quotation and citation omitted). The language of this statute is

plain and unambiguous. The statute requires the officer to deliver a copy of the

 -6-
 STATE V. WAINWRIGHT

 Opinion of the Court

citation to the person charged. N.C. Gen. Stat. § 15A-302(d) (2013). The accused

may, but is not required to, sign the original citation to acknowledge receipt. Id. By

the plain language of the statute, the officer is only required to sign and date the

document if the defendant refuses to sign. Id. While the practice of some officers is

to write “refused to sign” or some other notation, if defendant refuses or is unable to

sign the citation, this notation is not required by the statute.

 Here, there is no evidence defendant refused to sign the citation. Defendant’s

motion to quash alleges he “was not requested to sign, and did not sign

acknowledging receipt” of a copy of the citation. Even if the absence of defendant’s

signature on the citation was a conscious refusal, defendant has failed to show

Officer Edwards failed to follow the procedure set forth in N.C. Gen. Stat. § 15A-

302(d). Defendant’s argument is overruled.

 IV. Requirement of a Written Order

 Defendant argues the trial court erred by failing to reduce the order, denying his

motion to suppress to writing, and by failure to include specific findings of fact and

conclusions of law. We disagree.

 a. Standard of Review

 In ruling on a motion to suppress, “[t]he judge must set forth in the record his

findings of facts and conclusions of law.” N.C. Gen. Stat. § 15A-977(f) (2013). “This

statute has been interpreted as mandating a written order unless (1) the trial court

provides its rationale from the bench, and (2) there are no material conflicts in the

 -7-
 STATE V. WAINWRIGHT

 Opinion of the Court

evidence at the suppression hearing.” State v. Williams, 195 N.C. App. 554, 555, 673

S.E.2d 394, 395 (2009) (citing State v. Shelly, 181 N.C. App. 196, 205, 638 S.E.2d

516, 523, disc. review denied, 361 N.C. 367, 646 S.E.2d 768 (2007)).

 In reviewing the trial court’s failure to set forth written findings of fact and

conclusions of law, the appropriate standard of review is as follows:

 The trial court’s ruling on the motion to suppress is fully
 reviewable for a determination as to whether the two
 criteria set forth in Williams have been met — (1) whether
 the trial court provided the rationale for its ruling on the
 motion to suppress from the bench; and (2) whether there
 was a material conflict in the evidence presented at the
 suppression hearing. If a reviewing court concludes that
 both criteria are met, then the findings of fact are implied by
 the trial court’s denial of the motion to suppress, . . . and
 shall be binding on appeal if supported by competent
 evidence . . . . If a reviewing court concludes that either of
 the criteria is not met, then a trial court’s failure to make
 findings of fact and conclusions of law, contrary to the
 mandate of section 15A-977(f), is fatal to the validity of its
 ruling and constitutes reversible error.

State v. Baker, 208 N.C. App. 376, 381-82, 702 S.E.2d 825, 829 (2010) (citations

omitted).

 b. Sufficiency of the Order

 At the conclusion of the evidentiary hearing on defendant’s motion to

suppress, the court concluded: “After hearing arguments of [c]ounsel and reviewing

the summary presented by [d]efense counsel, the Court finds that Officer Edwards

had a reasonable suspicion to stop and denies the [d]efendant’s motion.” Defense

counsel requested the court to “actually enter an order with the findings of facts and

 -8-
 STATE V. WAINWRIGHT

 Opinion of the Court

conclusions of law.” The record does not indicate the court made any further

findings of fact or conclusions of law to support the denial of defendant’s motion to

suppress, or that it entered a written order.

 When ruling on a motion to suppress, our Supreme Court has recognized the

importance of the trial court to establish a record, which allows for meaningful

appellate review. “[I]t is always the better practice to find all facts upon which the

admissibility of the evidence depends.” State v. Phillips, 300 N.C. 678, 685, 268

S.E.2d 452, 457 (1980). If the trial court provides the rationale for its ruling from

the bench and there are no material conflicts in the evidence, the court is not

required to enter a written order. Williams, 195 N.C. App. at 555, 673 S.E.2d at

395. “If these two criteria are met, the necessary findings of fact are implied from

the denial of the motion to suppress.” Id. “If there is not a material conflict in the

evidence, it is not reversible error to fail to make such findings because we can

determine the propriety of the ruling on the undisputed facts which the evidence

shows.” State v. Lovin, 339 N.C. 695, 706, 454 S.E.2d 229, 235 (1995).

 Here, the trial court ruled from the bench on defendant’s motion to suppress.

See Williams, 195 N.C. App. at 555, 673 S.E.2d at 394 (holding an order denying

motion to suppress sufficient in the absence of a written order where the court ruled

from the bench and there were no material conflicts in the evidence). Upon a full

review of the transcript and record, we find no material conflicts in the evidence

presented at the hearing on defendant’s motion to suppress. When asked by the

 -9-
 STATE V. WAINWRIGHT

 Opinion of the Court

court whether defendant wished to put forth evidence, defendant responded that he

did not.

 Officer Edwards was the only witness to testify. Defendant does not cite any

material conflicts in his testimony. “We, therefore, infer that the trial court made

the findings necessary to support the denial of the motion to suppress.” Id. The

record is sufficient to permit appellate review of the denial of defendant’s motion to

suppress. Defendant’s argument is overruled.

 V. Motion to Suppress

 Defendant asserts the trial court erred by denying his motion to suppress and

argues Officer Edwards was without probable cause to conduct an investigatory

stop of his vehicle. We disagree.

 a. Standard of Review

 The standard of review for a motion to suppress “is whether the trial court’s

findings of fact are supported by the evidence and whether the findings of fact

support the conclusions of law.” State v. Cockerham, 155 N.C. App. 729, 736, 574

S.E.2d 694, 699 (citations and quotations omitted), disc. review denied, 357 N.C.

166, 580 S.E.2d 702 (2003). “The court’s findings ‘are conclusive on appeal if

supported by competent evidence, even if the evidence is conflicting.’” Id. (quoting

State v. Buchanan, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001)). “[T]he trial

court’s ruling on a motion to suppress is afforded great deference upon appellate

review as it has the duty to hear testimony and weigh the evidence.” State v.

 -10-
 STATE V. WAINWRIGHT

 Opinion of the Court

McClendon, 130 N.C. App. 368, 377, 502 S.E.2d 902, 908 (1998), aff’d, 350 N.C. 630,

517 S.E.2d 128 (1999).

 b. Reasonable Suspicion

 “A police officer may effect a brief investigatory seizure of an individual

where the officer has reasonable, articulable suspicion that a crime may be

underway.” State v. Barnard, 184 N.C. App. 25, 29, 645 S.E.2d 780, 783 (2007),

aff'd, 362 N.C. 244, 658 S.E.2d 643, cert. denied, 555 U.S. 914, 172 L. Ed. 2d 198,

129 S. Ct. 264 (2008). “The stop must be based on specific and articulable facts, as

well as the rational inferences from those facts, as viewed through the eyes of a

reasonable, cautious officer, guided by his experience and training.” State v.

Watkins, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994) (citing Terry v. Ohio, 392 U.S.

1, 21-22, 20 L. Ed. 2d 889, 906 (1968)).

 The reasonable suspicion standard is a “less demanding standard than

probable cause and requires a showing considerably less than preponderance of the

evidence.” Barnard, 362 N.C. at 247, 658 S.E.2d at 645. (citation and quotation

marks omitted). “Factors supporting reasonable suspicion are not to be viewed in

isolation.” State v. Campbell, 188 N.C. App. 701, 706, 656 S.E.2d 721, 725, appeal

dismissed, 362 N.C. 364, 664 S.E.2d 311 (2008). Rather, reasonable suspicion exists

when “the totality of the circumstances – the whole picture” supports the inference

that a crime has been or is about to be committed. State v. Styles, 362 N.C. 412, 414,

665 S.E.2d 438, 440 (2008).

 -11-
 STATE V. WAINWRIGHT

 Opinion of the Court

 c. Swerving / Weaving

 Officer Edwards observed defendant’s vehicle at approximately 2:37 a.m. on a

Sunday morning. Defendant was driving in an area comprised mainly of student

housing, located three or four blocks from downtown and numerous bars and

nightclubs. Those establishments stop serving alcohol at 2:00 a.m. Pedestrian traffic

was heavy when Officer Edwards observed defendant driving.

 Students were leaving the bars and nightclubs in downtown Greenville and

were walking back to their dormitories or residences. Officer Edwards estimated

that 100 or more students were walking from downtown to their residences between

2:00 and 3:00 a.m. Some pedestrians were walking on the sidewalks and others

were walking on the paved portion of the street.

 Officer Edwards initiated the stop of defendant’s vehicle based solely on his

observation of defendant’s “swerving” or “weaving” on a single occasion. While

defendant was traveling down Fifth Street toward downtown, Officer Edwards

observed him swerve to the right. Defendant’s vehicle crossed the white line that

marked the outside lane of travel and came within inches of the curb. Officer

Edwards testified he was concerned defendant would swerve again and strike

pedestrians.

 This Court has determined that weaving within the lane of travel, standing

alone, is insufficient to justify a traffic stop without the existence of additional facts

to indicate the driver is impaired.

 -12-
 STATE V. WAINWRIGHT

 Opinion of the Court

 [W]eaving can contribute to a reasonable suspicion of
 driving while impaired. However, in each instance, the
 defendant’s weaving was coupled with additional specific
 articulable facts, which also indicated that the defendant
 was driving while impaired. See, e.g., State v. Aubin, 100
 N.C. App. 628, 397 S.E.2d 653 (1990) (weaving within lane,
 plus driving only forty-five miles per hour on the interstate),
 appeal dismissed, disc. review denied, 328 N.C. 334, 402
 S.E.2d 433, cert. denied, 502 U.S. 842, 116 L. Ed. 2d 101
 (1991); State v. Jones, 96 N.C. App. 389, 386 S.E.2d 217
 (1989) (weaving towards both sides of the lane, plus driving
 twenty miles per hour below the speed limit), appeal
 dismissed, disc. review denied, 326 N.C. 366, 389 S.E.2d 809
 (1990); State v. Adkerson, 90 N.C. App. 333, 368 S.E.2d 434
 (1988) (weaving within lane five to six times, plus driving off
 the road); State v. Thompson, 154 N.C. App. 194, 571 S.E.2d
 673 (2002) (weaving within lane, plus exceeding the speed
 limit).

State v. Fields, 195 N.C. App. 740, 744, 673 S.E.2d 765, 768, disc. review denied, 363

N.C. 376, 679 S.E.2d 390 (2009).

 Weaving, standing alone, “can be sufficient to arouse a reasonable suspicion

of criminal activity when it is particularly erratic and dangerous to other drivers.”

State v. Derbyshire, __ N.C. App. __, __, 745 S.E.2d 886, 892 (2013), disc. review

denied, __ N.C. __, 753 S.E.2d 785 (2014). See also State v. Fields, 219 N.C. App.

385, 723 S.E.2d 777 (2012) (officer had reasonable suspicion where defendant’s

weaving within his lane was so erratic that other drivers were maneuvering to

avoid his car). Under the totality of the circumstances, defendant’s driving was

dangerous to others due to the pedestrian traffic on the sidewalks and street as

Officer Edwards described in his testimony. Derbyshire, __ N.C. App. __, 745 S.E.2d

 -13-
 STATE V. WAINWRIGHT

 Opinion of the Court

at 891. The undisputed evidence shows many pedestrians in the area at the time

Officer Edwards observed defendant swerve right, cross the line marking the

outside of his lane of travel and almost strike the curb.

 d. Time and Place Factors

 A defendant’s driving at an unusual hour and his proximity to

establishments that serve alcohol are additional factors the court can consider to

determine whether the officer had reasonable suspicion to effectuate the stop. Id.

(citing Fields, 195 N.C. App. at 744, 673 S.E.2d at 768). In State v. Jacobs, 162 N.C.

App. 251, 255, 590 S.E.2d 437, 440-41 (2004), the defendant’s weaving within his

lane at 1:43 a.m. in an area near bars was sufficient to establish a reasonable

suspicion of driving while impaired. Similarly, in State v. Watson, 122 N.C. App.

596, 599-600, 472 S.E.2d 28, 30 (1996), this Court upheld the trial court’s finding of

reasonable suspicion where the defendant was weaving within his lane and driving

on the dividing line of the highway at 2:30 a.m. on a road near a nightclub.

 The trial court is to consider “the totality of the circumstances – the whole

picture” in determining whether the officer had a reasonable suspicion of impaired

driving. Styles, 362 N.C. at 414, 665 S.E.2d at 440; Campbell, 188 N.C. App. at 706,

656 S.E.2d at 725. The swerving nature of defendant’s driving outside the lane of

travel and nearly striking the curb, the pedestrian traffic along the sidewalks and

in the roadway, the unusual hour defendant was driving, and his proximity to bars

 -14-
 STATE V. WAINWRIGHT

 Opinion of the Court

and nightclubs, supports the trial court’s conclusion that Officer Edwards had

reasonable suspicion to believe defendant was driving while impaired. Defendant’s

argument is overruled.

 VI. Conclusion

 The trial court properly denied defendant’s motion to quash the citation,

where the officer signed as issuing the citation. Defendant presented no evidence he

refused to sign the citation. N.C. Gen. Stat. § 15A-302(d). The record shows the

magistrate signed and provided defendant with a copy of the charges.

 In the absence of a written order, the record is sufficient to permit appellate

review of the denial of defendant’s motion to suppress. The trial court pronounced

its ruling from the bench and no material conflicts exist in the evidence presented

at the hearing.

 The trial court properly denied defendant’s motion to suppress. The officer

had probable cause to conduct an investigatory stop of defendant’s vehicle.

Defendant swerved outside the lane of travel and almost struck the curb at 2:37

a.m. in an area with heavy pedestrian traffic and within close proximity to bars and

nightclubs. The orders of the trial court denying defendant’s motions to quash and

motion to suppress are affirmed.

 Affirmed.

 Judges STEPHENS and HUNTER, JR. concur.

 -15-